RECEIVED
1997 JUN 20 AM 9:43
CLERK U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY_____ DEPUTY

RECEIVED
AND FILED
JUN 20  12 46 PM '97
LANCE S. WILSON
BY _____

1  GREGG SHAPIRO
   JAMES GARLAND
2  Federal Trade Commission
   600 Pennsylvania Ave., N.W., Rm. 200
3  Washington, D.C. 20580
   (202) 326-3549, -2068 (voice)
4  (202) 326-3392 (facsimile)

5  JEROME M. STEINER, JR.
   Federal Trade Commission
6  901 Market St., Suite 570
   San Francisco, CA 94103
7  (415) 356-5270

8  BLAINE T. WELSH
   Assistant United States Attorney
9  701 E. Bridger Avenue, Suite 800
   Las Vegas, NV 89101
10 (702) 388-6336

   CV-S-97-00750-PMP   (LRL)

11 Attorneys for Plaintiff

13          UNITED STATES DISTRICT COURT
                DISTRICT OF NEVADA

15 FEDERAL TRADE COMMISSION,            ) CV-S-
                                        )
16      Plaintiff,                      ) [Plaintiff's Proposed]
                                        ) TEMPORARY RESTRAINING ORDER
17      v.                              ) WITH ASSET FREEZE, ORDER
                                        ) PERMITTING EXPEDITED
18 DAYTON FAMILY PRODUCTIONS, INC.;     ) DISCOVERY AND IMMEDIATE
   J. J. DAYTON ASSOCIATES, INC.; HIGH  ) ACCESS TO DEFENDANTS'
19 VOLTAGE PICTURES, INC., aka High Voltage ) PREMISES, ORDER APPOINTING A
   Entertainment; JOHN RUBBICO, individually and ) TEMPORARY RECEIVER, AND
20 doing business as J J Family Film Productions; ) ORDER TO SHOW CAUSE WHY
   GLEN E. BURKE; KEVIN ROY; IGNACIO    ) A PRELIMINARY INJUNCTION
21 JIMENEZ; JOHN IAVARONE; and FRED     ) SHOULD NOT ISSUE
   DAVIDSON,                            )
22                                      )
        Defendants.                     )
23 _____)

        Plaintiff Federal Trade Commission ("FTC" or "Commission") having moved for a temporary restraining order with asset freeze, expedited asset discovery, immediate access to

1

10

defendants' premises, appointment of a temporary receiver, and an order to show cause why a preliminary injunction should not issue; the Court having considered plaintiff's motion, the memorandum of points and authorities, exhibits, and documents filed in support thereof; and now being advised in the premises, finds that:

1. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that the Court will have jurisdiction over all of the parties;

2. There is good cause to believe that Dayton Family Productions, Inc., J. J. Dayton Associates, Inc., High Voltage Pictures, Inc., John Rubbico, Kevin Roy, Glen Burke, John Iavarone, Ignacio Jimenez, and Fred Davidson (collectively, "defendants"), have engaged and are likely to continue to engage in acts or practices that violate Section 5(a) of the FTC Act, as amended, 15 U.S.C. § 45(a), and Section 310.3(a)(2)(vi) of the Commission's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310 (1996, p. 274);

3. The Commission is likely to prevail on the merits of its complaint;

4. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition or concealment by defendants of their assets or business records unless defendants are immediately restrained and enjoined by order of this Court, and that in accordance with Fed. R. Civ. P. 65(b), the interest of justice therefore requires that the Commission's motion be heard ex parte without prior notice to defendants;

5. Good cause exists, in light of defendants' deceptive sales practices, to appoint a temporary receiver;

6. Weighing the equities and considering the Commission's likelihood of ultimate success, a temporary restraining order with asset freeze and an order permitting expedited asset discovery and immediate access to defendants' premises, is in the public interest; and

7. No security is required of any agency of the United States for issuance of a

restraining order. Fed. R. Civ. P. 65(c).

## PROHIBITED BUSINESS PRACTICES

I.  THEREFORE, IT IS HEREBY ORDERED that defendants, and their agents, employees, officers, servants and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby restrained and enjoined from making or assisting others in making, directly or by implication, any false or misleading oral or written statement or representation in connection with marketing investments involving films, including but not limited to:

    A.  Misrepresenting, directly or by implication, the returns that past films have generated for investors;

    B.  Misrepresenting, directly or by implication, the awards that any films, producers, or directors have won; and

    C.  Misrepresenting, directly or by implication, the specific amounts that will be raised for any partnerships or other investment opportunities they promote.

## RECORD KEEPING PROVISIONS

II.  IT IS FURTHER ORDERED that defendants, and their officers, agents, servants, employees, and attorneys, and all other persons or entities directly or indirectly under their control or under common control with them, and all other persons or other entities in active concert or participation with them, are hereby restrained and enjoined from:

    A.  Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, any: books; records; "verification" or other audio or video tape recordings; computer tapes, discs or other computerized records; accounting data; personal and business checks (fronts and backs); correspondence; forms; advertisements; brochures; manuals; banking records; customer lists; customer files; invoices; telephone records; ledgers; payroll records; scripts; postal receipts; appointment books; state or federal income tax returns; or other documents of any kind in their possession, custody,

or control; and

B.  Failing to make and keep books, records, bank statements, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of defendants.

## ASSET FREEZE AND ACCOUNTING PROVISIONS

III.  IT IS FURTHER ORDERED that defendants, and their officers, agents, servants, employees, and attorneys, and all other persons or entities directly or indirectly under their control or under common control with them, and all other persons or other entities in active concert or participation with them, are hereby restrained and enjoined, until further order of this Court, from:

A.  Transferring, encumbering, selling, concealing, pledging, hypothecating, assigning, spending, withdrawing, disbursing, conveying, gifting, dissipating, or otherwise disposing of any funds, property, coins, lists of consumer names, shares of stock, or other assets, wherever located, that are (1) owned or controlled by any defendant, in whole or in part; (2) in the actual or constructive possession of any defendant; (3) held by an agent of any defendant as a retainer for the agent's provision of services to any defendant; or (4) owned, controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any defendant;

B.  Opening or causing to be opened any safe deposit boxes titled in the name of any defendant, or subject to access by any defendant; and

C.  Incurring charges or cash advances on any credit or debit card issued in the name, singly or jointly, of any defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any defendant.

D.  The assets affected by Paragraph III shall include both existing assets and assets acquired after the effective date of this Order, including, without limitation, those

acquired by loan or gift, and assets in the form of retainers paid to defendants' agents as compensation for the provision of services to defendants. Any individual defendant, or any third party holding assets for the benefit of any individual defendant, shall hold all assets, including without limitation, payments, loans and gifts, received after service of this Order, and must deposit payments received into a domestic account at a financial institution in Nevada that is titled in the individual defendant's name and is designated by prior written notice to counsel for the Commission. Each individual defendant shall maintain only one designated domestic account. Each business entity owned, managed or controlled by any individual defendant shall maintain only one such designated domestic account, unless the Commission stipulates otherwise in writing, and it shall be separate from the individual defendant's personal designated domestic account.

E.  Notwithstanding the asset freeze provisions of Paragraph III.A-D above, defendants John Rubbico, Kevin Roy, Glen Burke, Ignacio Jimenez, John Iavarone, and Fred Davidson may pay from their individual personal funds reasonable, usual, ordinary, and necessary living expenses, and reasonable attorneys fees, **after** prior written approval by the Commission or by the Court.

IV.  IT IS FURTHER ORDERED that each defendant shall, within two business days after service of this Order, prepare and deliver to counsel for the Commission:

A.  A completed financial statement accurate as of the date of service of this Order upon such defendant (individual defendants shall include all financial information as requested in Department of Treasury - Internal Revenue Service Collection Information Statement for Individuals (Form 433-A); the corporate defendants shall include all financial information as requested in the corresponding Collection Information Statement for Businesses (Form 433-B)); and

B.  A complete statement, verified under oath, of all payments, transfers, or assignment of funds, assets, or property worth $1,000 or more since January 1, 1996.

1  Such schedule shall include (i) the amount transferred or assigned; (ii) the name of each
2  transferee or assignee; (iii) the date of the assignment or transfer; and (iv) the type and
3  amount of consideration paid the defendant.
4  Each statement shall specify the name and address of each financial institution and brokerage
5  firm at which the defendant has accounts or safe deposit boxes. Said schedules shall include
6  assets held in foreign as well as domestic accounts.

7  V.    IT IS FURTHER ORDERED, pending determination of the Commission's request
8  for a preliminary injunction, that any financial or brokerage institution, escrow agent, title
9  company, commodity trading company, business entity, or person that holds, controls or
10 maintains accounts or assets of any defendant, or has held, controlled or maintained any account
11 or asset of any defendant at any time since January 1, 1995, shall, upon service with a copy of
12 this Order:

13    A.   Hold and retain within its control and prohibit the withdrawal, removal,
14         assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation,
15         conversion, sale, gift, or other disposal of any of the assets, funds, or other property held
16         by or on behalf of any defendant in any account maintained in the name of or for the
17         benefit of any defendant, in whole or in part, except as directed in writing by the
18         Commission or by further order of the Court;
19    B.   Deny access to any safe deposit boxes that are either:
20         1.   titled in the name, individually or jointly, of any defendant, or
21         2.   otherwise subject to access by any defendant;
22    C.   Provide counsel for the Commission, within five business days of service with a
23         copy of this Order, a statement setting forth:
24         1.   the identification of each account or asset titled in the name, individually
25              or jointly, of any defendant, or held on behalf of, or for the benefit of, any
26              defendant;

   2. the balance of each such account, or a description and appraisal of the value of such asset, as of the close of business on the day on which this Order is served; and

   3. the identification of any safe deposit box that is either titled in the name, individually or jointly, of any defendant, or is otherwise subject to access by any defendant; and

  D. The Commission is granted leave, in lieu of the guidelines set forth in the Local Rules, to seek discovery promptly pursuant to Fed. R. Civ. P. 30 and 45 from any such financial institution, account custodian, or other aforementioned entity concerning the nature, location, status, and extent of defendants' assets, and compliance with this Order. For the purposes of this Paragraph, the Commission may properly serve this Order on any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset of any defendant, or has held, controlled or maintained custody of any account or asset of any defendant at any time since January 1, 1995, by facsimile transmission, hand, or overnight carrier. The assets and funds affected by this Paragraph shall include both existing assets and assets acquired after the effective date of this Order.

## APPOINTMENT OF TEMPORARY RECEIVER

  VI. IT IS FURTHER ORDERED that **Donald Tractenberg** is hereby appointed temporary receiver, with the full power of an equity receiver, for defendants Dayton Family Productions, Inc., J. J. Dayton Associates, Inc., High Voltage Pictures, Inc. aka High Voltage Entertainment, J J Family Film Productions, and their subsidiaries, affiliates and sales branches (collectively, the "receivership defendants"), including, but not limited to, the sales offices located at 4480 W. Spring Mountain Road and 4525 W. Reno in Las Vegas, Nevada, and over all funds, documents, properties, premises and other assets owned directly or indirectly by the receivership defendants, whether in the name of the receivership defendants or in the name of any other entity or person, with directions and authority to accomplish the following:

A.  To take immediate custody, control and possession of all the funds, accounts, property, premises, mail, and other assets of, or in the possession or control of, the receivership defendants, wherever situated, with full power to divert mail and to sue for, collect, receive, and take possession of all goods, chattels, rights, credits, money, effects, land, leases, books, workpapers, and records of accounts, including electronic files on any media, contracts, financial records, money on hand in banks, and other papers and documents of the receivership defendants and members of the public whose interests are now held by or are under the direction, possession, custody, or control of the receivership defendants;

B.  To conserve, hold and manage all such assets, pending further order of this Court, in order to prevent loss, damage and injury to members of the public who have paid fees to the receivership defendants;

C.  To hold, preserve and administer the business of the receivership defendants until further order of this Court, with full authority to perform all acts necessary or incidental thereto;

D.  To employ such managers, agents, and employees as may in the judgment of the temporary receiver be advisable or necessary in the management, conduct, control or custody of the affairs of the receivership defendants and of the assets thereof, and otherwise generally to assist in the receivership;

E.  To make such payments and disbursements as may be necessary and advisable for the preservation of the properties of the receivership defendants and as may be necessary and advisable in discharging the temporary receiver's duties;

F.  To retain and employ investigators, attorneys or accountants of the temporary receiver's choice, including members and employees of the temporary receiver's firm, to assist, advise, and represent the temporary receiver;

G.  To receive and collect any and all sums of money due to or owing to the

receivership defendants, whether the same are now due or shall hereafter become due and payable, and to do such things and enter into such agreements in connection with the administration, care, preservation and maintenance of the properties of the receivership defendants as the temporary receiver may deem advisable;

H. To institute, prosecute and defend, compromise, adjust, intervene in or become party to such actions or proceedings in state or federal court as may in the temporary receiver's opinion be necessary or proper for the collection, marshaling, protection, maintenance, and preservation of the assets of the receivership defendants, and the recovery of assets conveyed by the receivership defendants, or the carrying out of the terms of this Order, and likewise to defend, compromise or adjust or otherwise dispose of any or all actions or proceedings instituted against the temporary receiver or against the receivership defendants, and also to appear in and conduct the defense of any suit or to adjust or compromise any actions or proceedings now pending in any court by or against the receivership defendants where such prosecution, defense or other disposition of such actions or proceedings will in the judgment of the temporary receiver be advisable or proper for the protection of the properties of the receivership defendants;

I. To obtain, by presentation of this Order, tangible and intangible assets as well as information in the custody or control of any person, firm, or entity sufficient to identify the accounts, employees, properties, or other assets or obligations of the receivership defendants;

J. To remove defendants Kevin Roy, Fred Davidson, and John Iavarone, and any other officer, independent contractor, employee, or agent of the receivership defendants, from control and management of the affairs of the receivership defendants;

K.  To apply to this Court for such further process against any person or entity as may be required to compel the immediate delivery of all assets, financial records, books, accounts, documents and other property of the receivership defendants, which are hereby ordered to be delivered to the temporary receiver; and

L.  To make periodic reports, observations, and recommendations to this Court, as the temporary receiver deems appropriate.

VII. IT IS FURTHER ORDERED that:

A.  The temporary receiver shall allow representatives of the Commission and the defendants reasonable access to inspect the premises of the receivership defendants, and all books, records, accounts, and other property of the receivership defendants, wherever located;

B.  Upon application to this Court, the temporary receiver and any counsel or accountants whom the temporary receiver may select, shall be compensated for their reasonable and necessary fees and expenses from the receivership estate, upon approval from this Court;

C.  The temporary receiver serves herein as an officer of this Court solely in a representative capacity and is not personally liable for any actions taken in conformity with the duties and responsibilities set forth herein or pursuant to any statute, rule, regulation, or other legal authority;

D.  The temporary receiver shall have all the powers of the receivership defendants' directors, officers and managers, whose powers and authority are hereby suspended; and

E.  In light of the appointment of a temporary receiver herein, defendants are prohibited from filing, or causing to be filed, a petition for relief for the receivership defendants under the United States Bankruptcy Code without leave of this Court.

## DELIVERY OF RECEIVERSHIP PROPERTY

VIII. IT IS FURTHER ORDERED that the defendants, and any other person or entity served with a copy of this Order, shall forthwith deliver over to the temporary receiver:

A. Possession and custody of all funds, assets, property owned beneficially or otherwise, and all other assets, wherever situated, of the receivership defendants;

B. Possession and custody of all books and records of accounts, financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers of the receivership defendants;

C. All keys, combinations to locks required to open or gain access to any of the receivership defendants' property, and all money in any bank deposited to the credit of the receivership defendants wherever situated; and

D. All passwords or codes required to access any hardware, software, or electronic files on any media.

## RECEIVER'S BOND

IX. IT IS FURTHER ORDERED that the temporary receiver shall file with the clerk of this Court a bond in the sum of $ _10,000_, conditioned that the temporary receiver will well and truly perform the duties of the office and duly account for all money and property that he or she marshals.

## STAY OF ACTIONS

X. IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of the receivership ordered herein, the defendants and all customers, distributors, principals, investors, creditors, stockholders, lessors, and other persons seeking to establish or enforce any claim, right or interest against or on behalf of the receivership defendants, and all others acting for or on behalf of such persons, including attorneys, servants, agents and

11

employees, be and hereby are stayed from:

    A.    Commencing, prosecuting, continuing or enforcing any suit against the receivership defendants, except that such actions may be filed to toll any applicable statute of limitations;

    B.    Commencing, prosecuting, continuing or enforcing any suit or proceeding in the name of or on behalf of the receivership defendants;

    C.    Accelerating the due date of any obligation or claimed obligation of the receivership defendants; enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of any property of the receivership defendants, or any property claimed by the receivership defendants; attempting to foreclose, forfeit, alter, or terminate any interests of the receivership defendants, whether such acts are part of a judicial proceeding or otherwise;

    D.    Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the receivership defendants, the temporary receiver appointed herein, or any agents appointed by the temporary receiver; and

    E.    Committing any act to interfere with the temporary receiver in taking control, possession, or management of the property subject to this receivership, or to harass the temporary receiver or to interfere with the performance of the duties of the temporary receiver; or to interfere with the exclusive jurisdiction of this Court over the property and assets of the receivership defendants.

### REPATRIATION

XI.    IT IS FURTHER ORDERED that, within five (5) business days following the service of this Order, defendants shall:

A.  Provide the plaintiff and the temporary receiver with a full accounting of all funds, documents and assets outside of the territory of the United States which are held either: (1) by them; (2) for their benefit; or (3) under their direct or indirect control, jointly or singly;

B.  transfer to the territory of the United States all funds, documents and assets in foreign countries held either: (1) by them; (2) for their benefit; or (3) under their direct or indirect control, jointly or singly;

C.  hold and retain all repatriated funds, documents and assets and prevent any transfer, disposition, or dissipation whatsoever of any such assets or funds, except as required by Paragraph III of this Order; and

D.  provide plaintiff access to defendants' records and documents held by financial institutions outside the territorial United States, by signing the Consent to Release of Financial Records attached to this Order.

**EXPEDITED DISCOVERY AND IMMEDIATE ACCESS**

XII.  IT IS FURTHER ORDERED that the Commission is granted leave to conduct certain expedited discovery, and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, and the Local Rules, expedited discovery shall proceed as follows:

A.  Pursuant to Fed. R. Civ. P. 30, the Commission may, upon two days notice, take depositions upon oral examination concerning: the nature, location, status, and extent of defendants' assets; the status and location of documents reflecting defendants' business transactions; and compliance with this Order. Such depositions may be taken Monday through Saturday. Deposition transcripts that have not been signed by the witness may be used for purposes of the hearing on the order to show cause why a preliminary injunction should not issue.

*Provided*, that this Subparagraph shall not be construed in any manner to preclude plaintiff's right to take subsequent depositions of the same witnesses on the merits of this action.

*Provided, further*, that any deposition taken pursuant to this Subparagraph is in addition to, and not subject to, the presumptive limits on depositions set forth in Fed. R. Civ. P. 30(a)(2)(A).

B.  Pursuant to Fed. R. Civ. P. 34(b), the defendants shall produce all documents requested by the Commission within two days of service of such request.

The provisions of this Paragraph shall extend to parties and non-parties.

XIII.  IT IS FURTHER ORDERED that defendants, and each of them, and any other person served with a copy of this Order, shall permit the Commission's employees, agents, and assistants immediate access to defendants' business premises, including, but not limited to, the offices located at 4480 W. Spring Mountain Road, Las Vegas, Nevada, and all branch offices and storage facilities owned or controlled by said defendants. This right of access shall continue from day to day, Monday through Saturday, during regular business hours, and shall include access to the entire premises for the purpose of inspecting, indexing, and copying:

A.  Documents evidencing, referring, or relating to the advertising, marketing, or offering of investments involving films;

B.  Documents evidencing, referring, or relating to defendants' financial status, including but not limited to, the nature or location of any bank account, safe deposit box, or other asset of any defendant;

C.  Documents evidencing, referring, or relating to any correspondence, transaction, or other communication by or between any consumer or prospective consumer and any defendant or any defendant's representatives, employees, agents, officers, servants, or assistants; and

D.  Documents evidencing or referring to any correspondence, action, or other

## SERVICE OF THIS ORDER

XIX. IT IS FURTHER ORDERED, pursuant to Federal Rule of Civil Procedure 4(c)(2), that copies of this Order and the initial pleadings and papers filed in this matter, including the complaint and summonses, may be served by employees of the Commission, by employees of any state or other federal law enforcement agency, including but not limited to the United States Marshal's Service, and by agents of any process servers retained by the Commission, upon any office of the defendants, any individual defendant, any financial or brokerage institution, or any person or entity that may be in possession of any assets, property, or property rights of defendants.

## RETENTION OF JURISDICTION

XX. IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED.**

_____
United States District Judge

Issued at __11:00__, __A__.m.
Dated: __June 20__, 1997

Las Vgs, Nev

## Consent to Release of Financial Records

1       I, _____, of the State of _____ in the United States of America, do hereby direct any bank or trust company at which I have a bank account of any kind or at which a corporation or other entity has a bank account of any kind upon which I am authorized to draw, and its officers, employees and agents, to disclose all information and deliver copies of all documents of every nature in your possession or control which relate to the said bank accounts to any attorney of the Federal Trade Commission, and to give evidence relevant thereto, in the matter of the Federal Trade Commission v. Dayton Family Productions, Inc., et al., now pending in the United States District Court for the District of Nevada, and this shall be irrevocable authority for so doing. This direction is intended to apply to the laws of countries other than the United States which restrict or prohibit the disclosure of bank information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the bank accounts for which I may be a relevant principal.

Dated: _____, 1997

Signature: _____

Printed full name: _____