

1 | GREGG SHAPIRO
Federal Trade Commission
2 | 600 Pennsylvania Ave., N.W., Rm. 200
Washington, D.C. 20580
3 | (202) 326-3549 (voice)
(202) 326-3392 (facsimile)
4
JEROME M. STEINER, JR.
5 | Federal Trade Commission
901 Market St., Ste. 570
6 | San Francisco, CA 94103
(415) 356-5270
7
BLAINE T. WELSH
8 | Assistant United States Attorney
701 E. Bridger Ave., Ste. 800
9 | Las Vegas, NV 89101
(702) 388-6336
10
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION,            )   CV-S-97-00750-PMP (LRL)
                                      )
        Plaintiff,                    )   STIPULATED PRELIMINARY
                                      )   INJUNCTION AS TO DEFENDANTS
        v.                            )   J. J. DAYTON ASSOCIATES, INC.,
                                      )   HIGH VOLTAGE ENTERTAINMENT,
DAYTON FAMILY PRODUCTIONS, INC.,      )   INC., HIGH VOLTAGE PICTURES,
et al.,                               )   INC., JOHN IAVARONE, GLEN E.
                                      )   BURKE, IGNACIO JIMENEZ, and
        Defendants.                   )   KEVIN ROY
                                      )

WHEREAS, on ex parte motion by plaintiff Federal Trade Commission ("Commission"), this Court entered a temporary restraining order with asset freeze and other equitable relief against defendants Dayton Family Productions, Inc., J. J. Dayton Associates, Inc., High Voltage Pictures, Inc. aka High Voltage Entertainment, John Rubbico, individually and doing business as J J Family Film Productions, John Iavarone, Glen Burke, Ignacio Jimenez, Kevin Roy, and Fred

1

1  Davidson on June 20, 1997;
2      WHEREAS this Court has jurisdiction of the subject matter of this case and jurisdiction
3  over defendants J. J. Dayton and Associates, Inc., High Voltage Entertainment, Inc., High
4  Voltage Pictures, Inc., John Iavarone, Glen E. Burke, Ignacio Jimenez, and Kevin Roy ("the
5  stipulating defendants"); and
6      WHEREAS plaintiff Commission and the stipulating defendants have stipulated and
7  agreed to the entry of this preliminary injunction order as to the stipulating defendants ("Order");
8
9                  **PROHIBITED BUSINESS PRACTICES**
10     I.    THEREFORE, IT IS HEREBY ORDERED that the stipulating defendants, and
11 their agents, employees, officers, servants and attorneys, and those persons in active concert or
12 participation with them who receive actual notice of this order by personal service or otherwise,
13 are hereby restrained and enjoined from making or assisting others in making, directly or by
14 implication, any false or misleading oral or written statement or representation in connection
15 with marketing investments involving films, including but not limited to:
16     A.    Misrepresenting, directly or by implication, the returns that past films have
17     generated for investors;
18     B.    Misrepresenting, directly or by implication, the awards that any films, producers,
19     or directors have won;
20     C.    Misrepresenting, directly or by implication, the specific amounts that will be
21     raised for any partnerships or investment opportunities they promote; and
22     D.    Misrepresenting, directly or by implication, the purposes for which funds raised
23     from consumers will be used.
24                 **RECORD KEEPING PROVISIONS**
25     II.    IT IS FURTHER ORDERED that the stipulating defendants, and their officers,
26 agents, servants, employees, and attorneys, and all other persons or entities directly or indirectly

1  under their control or under common control with them, and all other persons or other entities in
2  active concert or participation with them, are hereby restrained and enjoined from:

3      A.    Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise
4  disposing of, in any manner, any: books; records; "verification" or other audio or video
5  tape recordings; computer tapes, discs or other computerized records; accounting data;
6  personal and business checks (fronts and backs); correspondence; forms; advertisements;
7  brochures; manuals; banking records; customer lists; customer files; invoices; telephone
8  records; ledgers; payroll records; scripts; postal receipts; appointment books; state or
9  federal income tax returns; or other documents of any kind in their possession, custody,
10  or control; and

11      B.    Failing to make and keep books, records, bank statements, documents indicating
12  title to real or personal property, and any other data which, in reasonable detail,
13  accurately and fairly reflect the transactions and dispositions of the assets of the
14  stipulating defendants.

## ASSET FREEZE AND ACCOUNTING PROVISIONS

16      III.    IT IS FURTHER ORDERED that the stipulating defendants, and their officers,
17  agents, servants, employees, and attorneys, and all other persons or entities directly or indirectly
18  under their control or under common control with them, and all other persons or other entities in
19  active concert or participation with them, are hereby restrained and enjoined, until further order
20  of this Court, from:

21      A.    Transferring, encumbering, selling, concealing, pledging, hypothecating,
22  assigning, spending, withdrawing, disbursing, conveying, gifting, dissipating, or
23  otherwise disposing of any funds, property, coins, lists of consumer names, shares of
24  stock, or other assets, wherever located, that, as of June 23, 1997, were (1) owned or
25  controlled by any of the stipulating defendants, in whole or in part; (2) in the actual or
26  constructive possession of any of the stipulating defendants; (3) held by an agent of any

of the stipulating defendants as a retainer for the agent's provision of services to any defendant; or (4) owned, controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any of the stipulating defendants; and

B.    Opening or causing to be opened any safe deposit boxes titled in the name of any stipulating defendant, or subject to access by any stipulating defendant;

C.    With respect to the individual stipulating defendants (Iavarone, Burke, Jimenez, and Roy), the assets affected by Paragraph III.A-B shall include only assets acquired prior to June 24, 1997, including, without limitation, those acquired by loan or gift, and assets in the form of retainers paid to any of the individual stipulating defendant's agents as compensation for the provision of services to any individual stipulating defendant. Each individual stipulating defendant shall deposit all monies received after June 23, 1997, into a domestic account at a financial institution in Nevada (or, for defendant Roy only, in Massachusetts) that is titled in his name and is designated by prior written notice to counsel for the Commission. Within three days of receipt, each individual stipulating defendant shall provide to Commission counsel copies of all bank statements and canceled checks from his respective designated domestic account.

## APPOINTMENT OF PERMANENT RECEIVER

IV.    IT IS FURTHER ORDERED that Donald Tractenberg is hereby appointed permanent receiver, with the full power of an equity receiver, for defendants J. J. Dayton Associates, Inc., High Voltage Pictures, Inc., and High Voltage Entertainment, Inc., and their subsidiaries, affiliates and sales branches (collectively, the "receivership defendants"), including, but not limited to, the sales office located at 4480 W. Spring Mountain Road in Las Vegas, Nevada, and over all funds, documents, properties, premises and other assets owned directly or indirectly by the receivership defendants, whether in the name of the receivership defendants or in the name of any other entity or person, with directions and authority to accomplish the

following:

A. To take immediate custody, control and possession of all the funds, accounts, property, premises, mail, and other assets of, or in the possession or control of, the receivership defendants, wherever situated, with full power to divert mail and to sue for, collect, receive, and take possession of all goods, chattels, rights, credits, money, effects, land, leases, books, workpapers, and records of accounts, including electronic files on any media, contracts, financial records, money on hand in banks, and other papers and documents of the receivership defendants and members of the public whose interests are now held by or are under the direction, possession, custody, or control of the receivership defendants;

B. To conserve, hold and manage all such assets, pending further order of this Court, in order to prevent loss, damage and injury to members of the public who have paid fees to the receivership defendants;

C. To hold, preserve and administer the business of the receivership defendants until further order of this Court, with full authority to perform all acts necessary or incidental thereto;

D. To employ such managers, agents, and employees as may in the judgment of the receiver be advisable or necessary in the management, conduct, control or custody of the affairs of the receivership defendants and of the assets thereof, and otherwise generally to assist in the receivership;

E. To make such payments and disbursements as may be necessary and advisable for the preservation of the properties of the receivership defendants and as may be necessary and advisable in discharging the receiver's duties;

F. To retain and employ investigators, attorneys or accountants of the receiver's choice, including members and employees of the receiver's firm, to assist, advise, and represent the receiver;

G. To receive and collect any and all sums of money due to or owing to the receivership defendants, whether the same are now due or shall hereafter become due and payable, and to do such things and enter into such agreements in connection with the administration, care, preservation and maintenance of the properties of the receivership defendants as the receiver may deem advisable;

H. To institute, prosecute and defend, compromise, adjust, intervene in or become party to such actions or proceedings in state or federal court as may in the receiver's opinion be necessary or proper for the collection, marshaling, protection, maintenance, and preservation of the assets of the receivership defendants, and the recovery of assets conveyed by the receivership defendants, or the carrying out of the terms of this Order, and likewise to defend, compromise or adjust or otherwise dispose of any or all actions or proceedings instituted against the receiver or against the receivership defendants, and also to appear in and conduct the defense of any suit or to adjust or compromise any actions or proceedings now pending in any court by or against the receivership defendants where such prosecution, defense or other disposition of such actions or proceedings will in the judgment of the receiver be advisable or proper for the protection of the properties of the receivership defendants;

I. To obtain, by presentation of this Order, tangible and intangible assets as well as information in the custody or control of any person, firm, or entity sufficient to identify the accounts, employees, properties, or other assets or obligations of the receivership defendants;

J. To remove defendants Kevin Roy and John Iavarone, and any other officer, independent contractor, employee, or agent of the receivership defendants, from control and management of the affairs of the receivership defendants;

K. To apply to this Court for such further process against any person or entity as may

be required to compel the immediate delivery of all assets, financial records, books, accounts, documents and other property of the receivership defendants, which are hereby ordered to be delivered to the receiver; and

L. To make periodic reports, observations, and recommendations to this Court, as the receiver deems appropriate.

V. IT IS FURTHER ORDERED that:

A. The receiver shall allow representatives of the Commission and the stipulating defendants reasonable access to inspect the premises of the receivership defendants, and all books, records, accounts, and other property of the receivership defendants, wherever located;

B. Upon application to this Court, the receiver and any counsel or accountants whom the receiver may select, shall be compensated for their reasonable and necessary fees and expenses from the receivership estate, upon approval from this Court;

C. The receiver serves herein as an officer of this Court solely in a representative capacity and is not personally liable for any actions taken in conformity with the duties and responsibilities set forth herein or pursuant to any statute, rule, regulation, or other legal authority;

D. The receiver shall have all the powers of the receivership defendants' directors, officers and managers, whose powers and authority are hereby suspended; and

E. In light of the appointment of a receiver herein, the stipulating defendants are prohibited from filing, or causing to be filed, a petition for relief for the receivership defendants under the United States Bankruptcy Code without leave of this Court.

**DELIVERY OF RECEIVERSHIP PROPERTY**

VI. IT IS FURTHER ORDERED that the stipulating defendants, and any other person or entity served with a copy of this Order, shall forthwith deliver over to the receiver:

|   |   |   |
|---|---|---|
| 1 | A. | Possession and custody of all funds, assets, property owned beneficially or |
| 2 |    | otherwise, and all other assets, wherever situated, of the receivership defendants; |
| 3 | B. | Possession and custody of all books and records of accounts, financial and |
| 4 |    | accounting records, balance sheets, income statements, bank records (including |
| 5 |    | monthly statements, canceled checks, records of wire transfers, and check |
| 6 |    | registers), client lists, title documents and other papers of the receivership |
| 7 |    | defendants; |
| 8 | C. | All keys, combinations to locks required to open or gain access to any of the |
| 9 |    | receivership defendants' property, and all money in any bank deposited to the |
| 10 |   | credit of the receivership defendants wherever situated; and |
| 11 | D. | All passwords or codes required to access any hardware, software, or electronic |
| 12 |    | files on any media. |

**RECEIVER'S BOND**

VII. IT IS FURTHER ORDERED that the bond, filed by the temporary receiver, shall be continued until further order of the Court.

**STAY OF ACTIONS**

VIII. IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of the receivership ordered herein, the stipulating defendants and all customers, distributors, principals, investors, creditors, stockholders, lessors, and other persons seeking to establish or enforce any claim, right or interest against or on behalf of the receivership defendants, and all others acting for or on behalf of such persons, including attorneys, servants, agents and employees, be and hereby are stayed from:

    A. Commencing, prosecuting, continuing or enforcing any suit against the receivership defendants, except that such actions may be filed to toll any applicable statute of limitations;

    B. Commencing, prosecuting, continuing or enforcing any suit or proceeding in the

|   |   |   |
|---|---|---|
| 1 |   | name of or on behalf of the receivership defendants; |
| 2 | C. | Accelerating the due date of any obligation or claimed obligation of the receivership defendants; enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of any property of the receivership defendants, or any property claimed by the receivership defendants; attempting to foreclose, forfeit, alter, or terminate any interests of the receivership defendants, whether such acts are part of a judicial proceeding or otherwise; |
| 8 | D. | Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the receivership defendants, the receiver appointed herein, or any agents appointed by the receiver; |
| 14 | E. | Committing any act to interfere with the receiver in taking control, possession, or management of the property subject to this receivership, or to harass the receiver or to interfere with the performance of the duties of the receiver; or to interfere with the exclusive jurisdiction of this Court over the property and assets of the receivership defendants. |


1   name of or on behalf of the receivership defendants;

2   C.   Accelerating the due date of any obligation or claimed obligation of the
3        receivership defendants; enforcing any lien upon, or taking or attempting to take
4        possession of, or retaining possession of any property of the receivership
5        defendants, or any property claimed by the receivership defendants; attempting to
6        foreclose, forfeit, alter, or terminate any interests of the receivership defendants,
7        whether such acts are part of a judicial proceeding or otherwise;
8   D.   Using self-help or executing or issuing, or causing the execution or issuance of
9        any court attachment, subpoena, replevin, execution or other process for the
10       purpose of impounding or taking possession of or interfering with, or creating or
11       enforcing a lien upon any property, wherever located, owned by or in the
12       possession of the receivership defendants, the receiver appointed herein, or any
13       agents appointed by the receiver;
14  E.   Committing any act to interfere with the receiver in taking control, possession, or
15       management of the property subject to this receivership, or to harass the receiver
16       or to interfere with the performance of the duties of the receiver; or to interfere
17       with the exclusive jurisdiction of this Court over the property and assets of the
18       receivership defendants.

## CREDIT REPORTS

20   IX.   IT IS FURTHER ORDERED that plaintiff Commission may obtain credit reports
21   concerning the stipulating defendants pursuant to Section 604(1) of the Fair Credit Reporting
22   Act, 15 U.S.C. § 1681b(1), and that upon written request, any credit reporting agency from
23   which such reports are requested shall provide them to plaintiff Commission.

## CORRESPONDENCE WITH PLAINTIFF

X.  For the purposes of this Order, all correspondence and pleadings to the Commission shall be addressed to:

> Gregg Shapiro
> Federal Trade Commission
> Sixth St. & Pennsylvania Ave., N.W.
> Room H-200
> Washington, D.C. 20580
> (202) 326-3549  (voice)
> (202) 326-3392  (facsimile)

**RETENTION OF JURISDICTION**

XI. IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

STIPULATED TO:

_____
Gregg Shapiro
Jerome Steiner
Federal Trade Commission

Blaine Welsh
Assistant United States Attorney

Attorneys for Plaintiff

_____
Steven R. Scow

Attorney for Receiver Donald Trachenberg

_____
Scott M. Cantor
Graziadei & Cantor

Attorney for Defendants John Iavarone, Glen E. Burke, Ignacio Jimenez, and Kevin Roy

**IT IS SO ORDERED.**

Dated: _____, 1997

_____
John Iavarone, as an individual defendant and as President of Defendants High Voltage Entertainment, Inc., and High Voltage Pictures, Inc.

_____
Glen E. Burke, Defendant

_____
Kevin Roy, as an individual defendant and as President of Defendant J. J. Dayton Associates, Inc.

_____
Ignacio Jimenez, Defendant

_____
The Honorable Philip M. Pro
United States District Judge

11

# RETENTION OF JURISDICTION

XI. IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

STIPULATED TO:

_Gregg Shapiro_
Gregg Shapiro
Jerome Steiner
Federal Trade Commission

Blaine Welsh
Assistant United States Attorney

Attorneys for Plaintiff

_Steven R. Scow_
Steven R. Scow

Attorney for Receiver Donald Trachenberg

_Scott M. Cantor_
Scott M. Cantor
Graziadei & Cantor

Attorney for Defendants John Iavarone, Glen E. Burke, Ignacio Jimenez, and Kevin Roy

_John Iavarone_
John Iavarone, as an individual defendant and as President of Defendants High Voltage Entertainment, Inc., and High Voltage Pictures, Inc.

_Glen E. Burke_
Glen E. Burke, Defendant

_Kevin Roy_
Kevin Roy, as an individual defendant and as President of Defendant J. J. Dayton Associates, Inc.

_Ignacio Jimenez_
Ignacio Jimenez, Defendant

IT IS SO ORDERED:

_Philip M. Pro_
The Honorable Philip M. Pro
United States District Judge

Dated: 7/24, 1997

11