STEVEN R. SCOW, LTD.
Steven R. Scow, Esq., No. 1046
612 South Seventh Street
Las Vegas, Nevada 89101
(702) 385-7269
Attorney for Receiver
DONALD M. TRACTENBERG

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

DAYTON FAMILY PRODUCTIONS, INC.;
J.J. DAYTON ASSOCIATES, INC.; HIGH
VOLTAGE PICTURES, INC.; HIGH VOLTAGE
ENTERTAINMENT, INC.; AMERICAN
FAMILY PRODUCTIONS, INC.; ICON
MANAGEMENT SERVICES, INC.; AZTEC
ESCROW, INC.; REUNION MANAGEMENT,
INC.; AMERICAN FAMILY CONSULTANTS,
INC.; JOHN RUBBICO, individually and doing
business as J.J. Family Film Productions; GLEN E.
BURKE; KEVIN ROY; IGNACIO JIMENEZ;
JOHN IAVARONE; FRED DAVIDSON;
RICHARD S. HART; and RAYMOND FILOSI,

    Defendants.

CV-S-97-00750-PMP (LRL)

STIPULATION FOR RESUMPTION OF
SALES AND OPERATIONS AND
APPOINTMENT OF DONALD M.
TRACTENBERG AS SPECIAL
MASTER FOR REUNION PARTNERS

COME NOW the parties to this action by and through their counsel and stipulate that the authority of DONALD M. TRACTENBERG as Receiver over operations related to "Almost Forgotten" and sales of partnership units by REUNION PARTNERS, shall be modified in that his authority shall be abridged to that of Special Master with the following special authorities:

1

A.    The Special Master shall monitor sales calls and representations.

B.    The Special Master shall follow through on assurances that an Addendum and Disclaimer shall be included with all sales material and shall be signed by all prospective purchasers, and assure that sales material, when signed by individual investing partners, together with checks for deposit, shall be routed to the office of STEVEN R. SCOW, ESQ., attorney for DONALD M. TRACTENBERG, and from there to AZTEC ESCROW for normal processing.

C.    The Special Master shall receive and hold funds payable to REUNION MANAGEMENT, INC., and any of the Defendants who are Receivership Defendants for whom the Special Master is Receiver and use said funds in paying expenses of operation of each company, including refunds to present investors in REUNION PARTNERS.

D.    The Special Master shall have no authority or responsibility for sales, scripts, promotions, or compliance with laws, including securities and telemarketing laws, all of which shall be the sole responsibility of the Defendants, and others, who shall otherwise be allowed to operate in the normal course of business, which business shall be operated legally and lawfully.

DONALD M. TRACTENBERG shall have authority limited to the foregoing duties regarding REUNION PARTNERS and shall report to the Court on his efforts as Special Master and receive compensation for duties performed thereunder, together with attorney fees and costs, both previously as Receiver and now as Special Master.

. . .

. . .

. . .

It is further agreed to the other terms of the proposed Order which is attached hereto as Exhibit A and by this reference incorporated herein.

DATED this 23rd day of July, 1997.

_____
STEVEN R. SCOW, ESQ. No. 1046
612 South Seventh Street
Las Vegas, Nevada 89101
Attorney for the Receiver

_____
for GREGG SHAPIRO, ESQ.
600 Pennsylvania Avenue, N.W., No. 200
Washington, D.C. 20580
Attorney for the FTC

_____
SCOTT MICHAEL CANTOR, ESQ., No. 1713
302 East Carson Avenue, No. 400
Las Vegas, Nevada 89101

_____
GRANT G. TEEPLE, ESQ.
9255 Towne Centre Drive, No. 500
San Diego, California 92121

Attorney for Defendants
American Family Productions, Inc.
Shooting star Productions, Inc.,
Reunion Management, Inc., and
Galaxy Pictures, Inc.

STEVEN R. SCOW, LTD.
Steven R. Scow, Esq., No. 1046
612 South Seventh Street
Las Vegas, Nevada 89101
(702) 385-7269
Attorney for Receiver
DONALD M. TRACTENBERG

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) |
| v. | ) CV-S-97-00750-PMP (LRL) |
| DAYTON FAMILY PRODUCTIONS, INC.; J.J. DAYTON ASSOCIATES, INC.; HIGH VOLTAGE PICTURES, INC.; HIGH VOLTAGE ENTERTAINMENT, INC.; AMERICAN FAMILY PRODUCTIONS, INC.; ICON MANAGEMENT SERVICES, INC.; AZTEC ESCROW, INC.; REUNION MANAGEMENT, INC.; AMERICAN FAMILY CONSULTANTS, INC.; JOHN RUBBICO, individually and doing business as J.J. Family Film Productions; GLEN E. BURKE; KEVIN ROY; IGNACIO JIMENEZ; JOHN IAVARONE; FRED DAVIDSON; RICHARD S. HART; and RAYMOND FILOSI, | ) ORDER FOR RESUMPTION OF ) SALES AND OPERATIONS AND ) APPOINTMENT OF DONALD M. ) TRACTENBERG AS SPECIAL ) MASTER |
| Defendants. | ) |

THIS MATTER came before the Honorable LAWRENCE LEAVITT on July 3, 1997, the Temporary Receiver being present and represented by his counsel, STEVEN R. SCOW, ESQ., Defendants GLEN BURKE, IGNACIO JIMENEZ and JOHN IAVARONE being represented by their counsel, SCOTT CANTOR, ESQ., Defendant JOHN RUBBICO, appearing

1

pro se, GRANT G. TEEPLE, ESQ., appearing by telephone, representing AMERICAN FAMILY PRODUCTIONS, INC., SHOOTING STAR PRODUCTIONS, INC., REUNION MANAGEMENT, INC., GALAXY PICTURES, INC., and the Plaintiff FEDERAL TRADE COMMISSION being represented by BLAINE WELSH, ESQ., present in Court and JEROME STEINER, ESQ., appearing by telephone.

Having heard the argument of counsel for the respective parties and the statements by the Receiver, the Court finds that, subject to the subsequent stipulation of the parties hereto, the Petition for Instructions should be granted as supplemented by the Stipulation dated July 15, 1997, and that the Defendants should be allowed to re-open the enterprise at 4480 West Spring Mountain Road, subject to the following conditions:

1.      Copies of all business records, including scripts, brochures and financial records shall be provided to the FEDERAL TRADE COMMISSION and to the Receiver, solely for the purpose of monitoring conduct of the Defendants.

2.      An Addendum and Disclaimer, attached hereto, shall be included with all sales material, which shall be signed by prospective purchasers. Assurances that all sales material, when signed by individual investing partners, together with checks for deposit, shall be routed to the office of STEVEN R. SCOW, ESQ., attorney for DONALD M. TRACTENBERG, and from there to AZTEC ESCROW.

3.      Assurances that all present investors who have indicated an interest in the purchase of units of REUNION PARTNERS or who have already purchased REUNION PARTNERS units shall be advised of the pendency of this action, and, by the end of August 1997, given the opportunity to decide whether they wish to continue in the partnership or receive a refund of their investment.

2

4. DONALD M. TRACTENBERG shall continue as Receiver for all Receivership Defendants and Receivership duties related to the movies "Wind River" and "Last Resort", and shall be designated and appointed Special Master to provide the following limited functions only with respect to REUNION PARTNERS:

    A. The Special Master shall monitor sales calls and representations.

    B. The Special Master shall follow through on assurances that an Addendum and Disclaimer shall be included with all sales material and shall be signed by all prospective purchasers, and assure that sales material, when signed by individual investing partners, together with checks for deposit, shall be routed to the office of STEVEN R. SCOW, ESQ., attorney for DONALD M. TRACTENBERG, and from there to AZTEC ESCROW for normal processing.

    C. The Special Master shall receive and hold funds payable to REUNION MANAGEMENT, INC., and any of the Defendants who are Receivership Defendants for whom the Special Master is Receiver and use said funds in paying expenses of operation of each company, including refunds to present investors in REUNION PARTNERS.

    D. As the Special Master, DONALD M. TRACTENBERG shall have no authority or responsibility for sales, scripts, promotions, or compliance with laws, including securities and telemarketing laws, all of which shall be the sole responsibility of the Defendants, and others, who shall otherwise be allowed to operate in the normal course of business, which business shall be operated legally and lawfully.

The Court observes that the FEDERAL TRADE COMMISSION, by its signature hereto, does not expressly or impliedly approve or disapprove of the scripts or representations of the Defendants. DONALD M. TRACTENBERG, through the signature of his attorney, does not expressly or impliedly approve or disapprove of the scripts or representations of the Defendants.

3

IT IS FURTHER ORDERED that the Receiver shall be authorized to take such steps as he deems appropriate to protect on-going post-production efforts for the movie "Wind River" and distribution efforts for both movies, "Wind River" and "Last Resort", which capacity shall continue with full authority as Receiver.

DATED this ___ day of _____, 1997.

_____
JUDGE PHILLIP M. PRO
U.S. DISTRICT COURT

Prepared by:

_____
STEVEN R. SCOW, ESQ. No. 1046
612 South Seventh Street
Las Vegas, Nevada 89101
Attorney for the Receiver

_____
GREGG SHAPIRO, ESQ.
600 Pennsylvania Avenue, N.W. No. 200
Washington, C.C. 20580
Attorney for the FTC

_____
SCOTT MICHAEL CANTOR, ESQ., No. 1713
302 East Carson Avenue, No. 400
Las Vegas, Nevada 89101

_____
GRANT G. TEEPLE, ESQ.
9255 Towne Centre Drive, No. 500
San Diego, California 92121
Attorney for Defendants
American Family Productions, Inc.
Shooting Star Productions, Inc.,
Reunion Management, Inc., and
Galaxy Pictures, Inc.

4

## ADDENDUM AND DISCLAIMER CONFIDENTIAL GENERAL PARTNERSHIP MEMORANDUM REUNION PARTNERS

*ACTION BY FTC:* On June 20, 1997, the FTC brought an action in Federal Court against HIGH VOLTAGE ENTERTAINMENT and others alleging fraudulent trade practices. The action was amended on July 3, 1997 naming as additional parties AMERICAN FAMILY PRODUCTIONS, REUNION MANAGEMENT, INC., the initial managing partner for the partnership, RAYMOND FILOSI, president of REUNION MANAGEMENT, INC., and AZTEC ESCROW, INC. The complaint, case number CV-S-97-00750-PNP (LRL) alleges that fraudulent misrepresentations were made to induce prospective investors in previous offerings. It alleges the parties claimed that: (1) returns could be expected to be five dollars for every dollar invested and otherwise overstated the potential for financial return on a venture which is, in fact, a high risk venture for which no return can be guaranteed; (2) certain personnel attached to each picture had won prestigious film industry awards which they had not won; and (3) the parties sold more partnership units than allowed, thus diluting substantially each investor's stake in the partnerships. The parties to the case deny any wrong-doing. The government has sought, and the parties have stipulated, to the entry of a preliminary injunction which would prohibit the making of any misrepresentation, among other things. Final resolution of these matters will be made at trial, although all of the parties have expressed a willingness to resolve the matter by settlement, if possible.

*RECEIVER:* The Federal Court has appointed DONALD TRACTENBERG, an independent person not affiliated with any party to this action, as Receiver, to take control over assets belonging to some of the corporate defendants. The Receiver makes no representations or warranties as to the accuracy or sufficiency of the information contained in the Reunion Partners Confidential General Partnership Memorandum and exhibits attached thereto, including the HIGH VOLTAGE ENTERTAINMENT brochure or any statements made by any sales person associated with the offering. All information which is being provided through this Offering was provided by the principals.

No investor should rely on the Receiver as to the adequacy, accuracy or sufficiency of the information provided to them. Further, the Receiver makes no representations or warranties as to the likelihood of success of this investment. The involvement of the Receiver is limited to monitoring and reviewing investment proposals as they are made, and collection and disbursing funds of REUNION MANAGEMENT, INC., and Receivership Defendants, as provided by Court Order. In connection with this offering, he is functioning in the limited capacity of a Special Master.

DONALD TRACTENBERG, the Receiver, has not participated in the preparation of the offering memorandum or the offering of the units themselves, except for monitoring, collecting and disbursing of funds, as provided by court order. As part of that court order, it has been required that any person investing in these units shall certify their awareness of the appointment of the Receiver, as well as the allegations made by the FTC, by signing a copy of this Addendum and Disclaimer on the signature line set forth below.

*ACKNOWLEDGMENT BY UNIT PURCHASER:* The undersigned hereby acknowledges that he/she/they are making this purchase based upon their own independent evaluation and examination of the material that they have been given in this offering, and that no representation regarding prospective return on investment or film industry awards won by persons attached to the project have been made. The Unit Purchaser specifically acknowledges that this is a high risk investment and the possibility exists that only a part or none of the investment may be returned, depending solely on the successful completion and marketing of the movie, all of which is yet to occur and which is not subject to definitive analysis of risk and return.

_____     _____
                                    Date

_____     _____
                                    Date