

1  GREGG SHAPIRO
   Federal Trade Commission
2  600 Pennsylvania Ave., N.W., Rm. 200
   Washington, D.C. 20580
3  (202) 326-3549 (voice)
   (202) 326-3392 (facsimile)
4
   JEROME M. STEINER, JR.
5  Federal Trade Commission
   901 Market St., Ste. 570
6  San Francisco, CA 94103
   (415) 356-5270
7
   BLAINE T. WELSH
8  Assistant United States Attorney
   701 E. Bridger Ave., Ste. 800
9  Las Vegas, NV 89101
   (702) 388-6336
10
   Attorneys for Plaintiff
11

                UNITED STATES DISTRICT COURT
                    DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | CV-S-97-00750-PMP (LRL) |
| Plaintiff, | STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND SETTLEMENT OF CLAIMS FOR MONETARY RELIEF AGAINST DEFENDANT ROSARIO "RAY" FILOSI |
| v. | |
| DAYTON FAMILY PRODUCTIONS, INC., et al., | |
| Defendants. | |

Plaintiff, the Federal Trade Commission ("Commission"), commenced this action by filing its complaint against defendants Dayton Family Productions, Inc., J. J. Dayton Associates, Inc., High Voltage Pictures, Inc. aka High Voltage Entertainment, John Rubbico, individually and doing business as J J Family Film Productions, John Iavarone, Glen Burke, Ignacio Jimenez, Kevin Roy, and Fred Davidson. The Commission later amended its complaint to name American Family Productions, Inc., American Family Consultants, Inc., Reunion Management,

Inc., Icon Management Services, Inc., Aztec Escrow, Inc., Raymond Filosi, and Richard S. Hart as additional defendants. The amended complaint alleges that the defendants engaged in unfair or deceptive acts or practices in violation of Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45, and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and seeks a permanent injunction and monetary relief pursuant to Section 13(b) of the FTC Act and the TSR. The Commission and defendant Rosario "Ray" Filosi ("defendant Filosi") hereby stipulate to the entry of this Final Order for Permanent Injunction and Settlement of Claims for Monetary Relief Against Ray Filosi ("Order"). Being advised of the premises, the Court finds:

1. This is an action by the Commission instituted under Sections 5 and 13(b) of the Federal Trade Commission Act, 15 U.S.C. §§ 45 and 53(b), and the TSR, 16 C.F.R. Part 310. The amended complaint seeks both permanent injunctive relief and consumer redress for alleged unfair or deceptive acts or practices by the defendants in connection with the promotion of investments in films.

2. The Commission has the authority under Section 13(b) of the FTC Act and the TSR to seek the relief it has requested.

3. This Court has jurisdiction over the subject matter of this case and has jurisdiction over defendant Filosi. Venue in the District of Nevada is proper, and the complaint states a claim upon which relief may be granted against defendant Filosi under Sections 5 and 13(b) of the FTC Act and the TSR.

4. The activities of defendant Filosi are in or affecting commerce, as defined in 15 U.S.C. § 44.

5. Defendant Filosi neither admits nor denies the allegations set forth in the amended complaint.

6. Defendant Filosi waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendant Filosi also waives any claim that he may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this

1  action to the date of this Order. Defendant Filosi shall bear his own costs and attorneys fees.

2      7.    This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

    8.    Consistent with the principles set forth in United States v. Halper, 490 U.S. 435 (1989), defendant Filosi, by signing and stipulating to this Order, acknowledges and agrees that this civil action has not placed him in jeopardy and that this Order does not preclude subsequent criminal action against him.

    9.    Entry of this Order is in the public interest.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

    A.    "Telemarketing" shall mean any business activity (whether or not covered by the TSR and including, but not limited to, initiating or receiving telephone calls, managing others who initiate or receive telephone calls, operating an enterprise that initiates or receives telephone calls, owning an enterprise that initiates or receives telephone calls, or otherwise participating as an officer, director, employee or independent contractor in an enterprise that initiates or receives telephone calls) that involves attempts to induce consumers to purchase any item, good, service, partnership interest, trust interest or other beneficial interest, to make a charitable contribution, or to enter a contest for a prize, by means of telephone sales presentations, either exclusively or in conjunction with the use of other forms of marketing. *Provided* that the term "telemarketing" shall not include transactions that are not completed until after a face-to-face contact between the seller or solicitor and the consumers solicited.

    B.    "Assisting others engaged in telemarketing" means knowingly providing any of the following goods or services to any person or entity engaged in telemarketing: (1) performing customer service functions for an entity engaged in telemarketing, including, but not limited to,

receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material for an entity engaged in telemarketing; (3) providing names of, or assisting in the generation of, potential customers for an entity engaged in telemarketing; or (4) performing marketing services of any kind for an entity engaged in telemarketing.

## PROHIBITED BUSINESS PRACTICES

I.  THEREFORE, IT IS HEREBY ORDERED that defendant Filosi is permanently restrained and enjoined from either (1) engaging in telemarketing, or (2) assisting others engaged in telemarketing.

IT IS FURTHER ORDERED that defendant Filosi and his agents, employees, officers, servants and attorneys, and all other persons or entities in active concert or participation with him who receive actual notice of this order by personal service or otherwise, in connection with the advertising, promotion, offer for sale, or sale of any item, product, good, service, or investment interest of any kind, including but not limited to investments in films, are hereby restrained and enjoined from:

  A. Misrepresenting, directly or by implication, the returns, revenues, or profits that any film has generated for investors;

  B. Misrepresenting, directly or by implication, the performance (including gross revenues generated and box off receipts) of any film;

  C. Misrepresenting, directly or by implication, the awards received by any film or by any person who has worked on or been associated with a film;

  D. Misrepresenting the likely profits to be made through any investment involving films or any other investment;

  E. Misrepresenting, directly or by implication, the amount of money or other capital that will be raised for any investment involving films or any other investment;

  F. Misrepresenting, directly or by implication, the purposes for which funds raised

from consumers will be used;

G. Misrepresenting, directly or by implication, the costs associated with the advertising, promotion, offer for sale, or sale of any item, product, good, service, or investment, including but not limited to any investment involving films;

H. Misrepresenting, in any manner, directly or by implication, the risk, liquidity, market value, resale value, or expected income or profit associated with any item, product, good, service, or investment, including but not limited to any investment involving films;

I. Misrepresenting, in any manner, directly or by implication, or failing to disclose any fact material to a consumer's decision to purchase any item, product, good, service, or investment, including but not limited to any investment involving films;

J. Conducting or participating in any telemarketing solicitation without compliance with all applicable federal and state registration and bond requirements; and

K. Violating or assisting others to violate any provisions of the Telemarketing Sales Rule, 16 C.F.R. Part 310, including but not limited to: misrepresenting, directly or by implication "[a]ny material aspect of an investment opportunity including, but not limited to, risk, liquidity, earnings potential, or profitability." 16 C.F.R. § 310.3(a)(2)(vi).

## RECORD KEEPING PROVISIONS

II. IT IS FURTHER ORDERED that, for a period of five years from the date of entry of this Order, defendant Filosi, and his officers, agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with him, are hereby restrained and enjoined from:

A. Failing to make and keep such books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursements ledgers and sources documents, documents indicating title to real or personal property, and any other documents as may be required to reflect, in reasonable detail, accurately and fairly, all of defendants' business and financial transactions; and

B. Destroying, throwing away, mutilating, changing, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any books, records, tapes, discs, accounting data, checks (fronts and backs), correspondence, forms, advertisements, brochures, manuals, electronically stored data, banking records, consumer lists, files, invoices, telephone records, ledgers, payroll records, or other business or financial documents of any kind, including information stored in computer-maintained form, in the possession, custody, or control of any defendant or any other person or entity in active concert or participation with any defendant.

### MONITORING

III. IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

A. Defendant Filosi shall notify the Commission in writing, within ten days of the date of entry of this Order, of his current residential address, mailing address, business and home telephone numbers, and employment status, including the names, telephone numbers, and business addresses of any current employers;

B. For a period of seven years from the date of entry of this Order, defendant Filosi shall notify the Commission in writing within 30 days of any changes in his residential or mailing addresses, telephone numbers, or employment status;

C. For the purposes of this Order, all written notifications to the Commission shall be mailed to:

> Associate Director for Service Industry Practices
> Room H-200
> Federal Trade Commission
> Washington, D.C. 20580
> Re: FTC v. Dayton Family Productions

D. For the purposes of Subparagraphs IV.A and IV.B, "employment" includes the performance of services as an employee, consultant, or independent contractor; and "employers" include any entity or individual for whom defendant Filosi performs services as an employee,

1 consultant, or independent contractor.

2     E.    For a period of seven years from the date of entry of this Order, for the purpose of further determining compliance with this Order, defendant Filosi shall permit representatives of the Commission, within seven business days of receipt of written notice from the Commission:

    1.    Access during normal business hours to any office, or facility storing documents, of any business where defendant Filosi is the majority owner of the business or otherwise directly or indirectly manages or controls the business. In providing such access, defendant Filosi shall permit representatives of the Commission to inspect and copy all documents relevant to any matter contained in this Order; and

    2.    To interview or depose the officers, directors, and employees of any business to which Subparagraph E.1 of this Paragraph applies, concerning matters relating to compliance with the terms of this Order. The person interviewed or deposed may have counsel present. *Provided* that the Commission may otherwise monitor defendant Filosi's compliance with this Order by all lawful means available, including the use of compulsory process seeking production of documents and the use of investigators posing as consumers or suppliers.

    3.    For purposes of this Paragraph, written notice to defendant Filosi shall be deemed sufficient if mailed to the most recent residential address he has provided to the Commission.

**SUBSEQUENT PROCEEDINGS**

IV.    IT IS FURTHER ORDERED that:

    A.    Each party to this Order hereby agrees to bear its own costs and attorneys' fees incurred in connection with this action; *provided* that in the event the Commission initiates proceedings to enforce this Order and *provided* further the Court determines that defendant Filosi has violated any term or provision of this Order, defendant Filosi shall pay the costs and attorneys' fees incurred by the Commission or its agents in connection with proceedings to enforce this Order.

B.      Notwithstanding any other provision of this Order, defendant Filosi agrees that, if he fails to meet the payment obligations set forth in Paragraph VI of this order, he shall pay the costs and attorneys' fees incurred by the Commission and its agents in any attempts to collect amounts due pursuant to this Order. Defendant Filosi further agrees that the facts as alleged in the complaint shall be taken as true in any subsequent litigation filed by the Commission pursuant to this Order, including but not limited to a non-dischargeability complaint in any subsequent bankruptcy proceeding.

## REAFFIRMATION OF FINANCIAL STATEMENT AND ACKNOWLEDGMENT OF RECEIPT OF FINAL ORDER

V.      IT IS FURTHER ORDERED that, within five business days from the date of entry of this Order, defendant Filosi shall submit to the Commission a truthful sworn statement that shall acknowledge receipt of this Order and reaffirm and attest to the truth, accuracy and completeness of defendant Filosi's financial statement executed on October 17, 1997, and previously submitted to the Commission.

## RIGHT TO REOPEN

VI.     IT IS FURTHER ORDERED that the Commission's agreement to this Order is expressly premised upon the truthfulness, accuracy, and completeness of defendant Filosi's financial condition as represented in his October 17, 1997, financial statement, which contains material information relied upon by the Commission in negotiating and agreeing to the terms of this Order. If, upon motion by the Commission, this Court finds that the above-referenced financial statement failed to disclose any material asset, materially misrepresented the value of any asset, or made any other material misrepresentation or omission, the Commission may request that this Order be reopened for the sole purpose of allowing the Commission to modify the monetary liability of defendant Filosi; *provided*, however, that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court and that defendant Filosi has no right to contest any of the allegations in the Commission's complaint in this matter in any

proceedings brought pursuant to this Paragraph; and, *provided*, further, that proceedings instituted under this Paragraph would be in addition to and not in lieu of any other civil or criminal remedies as may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

**LISTS**

VII.    IT IS FURTHER ORDERED that defendant Filosi and his officers, agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who paid any money to any defendant, at any time prior to entry of this Order, in connection with investments involving films. *Provided* that defendant Filosi may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

**ORDER DISTRIBUTION**

VIII.    IT IS FURTHER ORDERED that, for a period of seven years from the date of entry of this Order, defendant Filosi shall:

   A.    Provide a copy of this Order to, and obtain a signed and dated acknowledgment of receipt of same from, each officer or director, each individual serving in a management capacity, all personnel involved in responding to consumer complaints or inquiries, and all sales personnel, whether designated as employees, consultants, independent contractors or otherwise, immediately upon employing or retaining any such persons, for any business where

      (1) defendant Filosi is the majority owner of the business or otherwise directly or
      indirectly manages or controls the business, and where
      (2) the business engages in, or assists others engaged in, telemarketing; and

   B.    Maintain for a period of three years after creation, and upon reasonable notice

make available to representatives of the Commission, the original signed and dated acknowledgments of the receipt of copies of this Order, as required in Subparagraph A of this Paragraph.

**RETENTION OF JURISDICTION**

IX. IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

**ENTRY OF THIS JUDGMENT**

X. IT IS FURTHER ORDERED that there is no just reason for delay of entry of this judgment, and, pursuant to Fed. R. Civ. P. 54(b), the Clerk shall enter this Order immediately.

STIPULATED AND AGREED TO:

_____
Gregg Shapiro
Jerome M. Steiner, Jr.
Federal Trade Commission

Blaine T. Welsh
Assistant United States Attorney

Attorneys for Plaintiff

_____
Ray Filosi, Defendant

**IT IS SO ORDERED.**

_____
The Honorable Philip M. Pro
United States District Judge

Dated: ___Feb 12___, 1998

CERTIFICATE OF SERVICE

I certify that on February 10, 1998, I served the attached **STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND SETTLEMENT OF CLAIMS FOR MONETARY RELIEF ATAINST DEFENDANT ROSARIO "RAY" FILOSI** by sending copies of the foregoing via first class mail to:

Scott M. Cantor
Graziadei & Cantor
302 East Carson Avenue, Suite 400
Las Vegas, NV 89101

Steven R. Scow
612 South Seventh Street
Las Vegas, NV 89101

John V. Spilotro
624 S. Ninth Street
Las Vegas, NV 89101

Ray Filosi
7108 Hopland Circle
Las Vegas, NV 89129

Executed at Washington, D.C., on February 10, 1998.

_____
Gregg Shapiro