

1 | GREGG SHAPIRO
Federal Trade Commission
2 | 600 Pennsylvania Ave., N.W., Rm. 200
Washington, D.C. 20580
3 | (202) 326-3549 (voice)
(202) 326-3392 (facsimile)

4

5 | JEROME M. STEINER, JR.
Federal Trade Commission
6 | 901 Market St., Ste. 570
San Francisco, CA 94103
(415) 356-5270

7

8 | BLAINE T. WELSH
Assistant United States Attorney
9 | 701 E. Bridger Ave., Ste. 800
Las Vegas, NV 89101
(702) 388-6336

10

Attorneys for Plaintiff





11

12

13 | UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

14

15 | FEDERAL TRADE COMMISSION,          )   CV-S-97-00750-PMP (LRL)
                                         )
16 |        Plaintiff,                    )
                                         )
        v.                               )
17 |                                     )
DAYTON FAMILY PRODUCTIONS, INC.,         )
18 | et al.,                             )
                                         )
19 |        Defendants.                  )

20

21 |              ~~[proposed]~~ JUDGMENT BY DEFAULT
    AGAINST DEFENDANTS FREDERICK M. DAVIDSON AND RICHARD S. HART

22

23 |     Plaintiff, the Federal Trade Commission ("Commission"), commenced this action by

24 | filing its complaint seeking an injunction and other relief against various defendants, including

25 | defendant Frederick M. Davidson ("Davidson"), in connection with the operation of an allegedly

26 | fraudulent telemarketing business that promoted investments in films produced and/or directed

1

1  by Lyman Dayton.  On July 3, 1997, the Commission filed a first amended complaint that named

2  additional parties, including defendant Richard S. Hart ("Hart").  The amended complaint alleges

3  that the defendants engaged in unfair or deceptive acts or practices in violation of Section 5 of

4  the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45, and seeks a permanent

5  injunction and monetary relief pursuant to Section 13(b) of the FTC Act.  Pursuant to Rule 55(a)

6  of the Federal Rules of Civil Procedure, the Clerk of Court entered a default against defendant

7  Davidson on September 8, 1997, and against defendant Hart on September 29, 1997.  The

8  Commission now has moved this Court for entry of a judgment by default against defendants

9  Davidson and Hart, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  Having

10 considered the memorandum and exhibits filed in support of this motion, and all other pleadings

11 and files in this action, and now being fully advised in the premises, the Court finds:

12        1.      This is an action by the Commission instituted under Sections 5 and 13(b) of the

13 FTC Act, 15 U.S.C. §§ 45 and 53(b), and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part

14 310.  The amended complaint seeks both permanent injunctive relief and consumer redress for

15 alleged unfair or deceptive acts or practices by the defendants in connection with the telephonic

16 solicitations of investments for films.

17        2.      The Commission has the authority under Section 13(b) of the FTC Act to seek the

18 relief it has requested.

19        3.      This Court has jurisdiction over the subject matter of this case, and has

20 jurisdiction over defendants Hart and Davidson.  Venue in the District of Nevada is proper, and

21 the amended complaint states a claim upon which relief may be granted against defendants Hart

22 and Davidson under Sections 5 and 13(b) of the FTC Act and under the TSR.

23        4.      The activities of defendants Hart and Davidson are in or affecting commerce, as

24 defined in 15 U.S.C. § 44.

25        5.      Defendants Hart and Davidson have failed to answer the amended complaint or

26 otherwise defend themselves in this action.  Accordingly, defendants Hart and Davidson are in

2

1  default.

2       6.     To the best of this Court's information and knowledge, neither defendant Hart nor

3  defendant Davidson is an infant, neither has been declared incompetent, and neither is currently

4  in the military or otherwise exempted from default judgment under the Soldiers' and Sailors'

5  Civil Relief Act of 1940.

6       7.     It is proper in this case to issue a permanent injunction prohibiting defendants

7  Hart and Davidson from engaging in telemarketing or assisting others engaged in telemarketing,

8  and to prohibit them from making misrepresentations in connection with the advertising,

9  promotion, marketing or sale of products, services or investments of any kind, and to provide for

10  monitoring by the Commission of defendants' compliance with such a permanent injunction.

11       8.     It is proper in this case to enter a monetary judgment against defendants Hart and

12  Davidson to redress consumer injury which resulted from violations of the FTC Act by

13  defendants.  The proper measure of consumer injury is the amount of money paid by consumers

14  to defendants during the times when defendants Hart and Davidson were associated with the

15  defendants' efforts to raise money from consumers for film partnerships, less the actual cost of

16  any films made during those respective periods.  Redress to consumers is warranted because

17  defendants' misrepresentations were of a type generally relied upon by consumers.

18       9.     This action and the relief awarded herein are in addition to, and not in lieu of,

19  other remedies as may be provided by law, including both civil and criminal remedies.

20       10.     Entry of this Order is in the public interest.

21       IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

22                            DEFINITIONS

23       For purposes of this Order, the following definitions shall apply:

24       A.     "Telemarketing" shall mean any business activity (whether or not covered by the

25  TSR and including, but not limited to, initiating or receiving telephone calls, managing others

26  who initiate or receive telephone calls, operating an enterprise that initiates or receives telephone

1   calls, owning an enterprise that initiates or receives telephone calls, or otherwise participating as

2   an officer, director, employee or independent contractor in an enterprise that initiates or receives

3   telephone calls) that involves attempts to induce consumers to purchase any item, good, service,

4   partnership interest, trust interest or other beneficial interest, to make a charitable contribution, or

5   to enter a contest for a prize, by means of telephone sales presentations, either exclusively or in

6   conjunction with the use of other forms of marketing. *Provided* that the term "telemarketing"

7   shall not include transactions that are not completed until after a face-to-face contact between the

8   seller or solicitor and the consumers solicited.

9         B.    "Assisting others engaged in telemarketing" means knowingly providing any of

10   the following goods or services to any person or entity engaged in telemarketing: (1) performing

11   customer service functions for an entity engaged in telemarketing, including, but not limited to,

12   receiving or responding to consumer complaints; (2) formulating or providing, or arranging for

13   the formulation or provision of, any telephone sales script or any other marketing material for an

14   entity engaged in telemarketing; (3) providing names of, or assisting in the generation of,

15   potential customers for an entity engaged in telemarketing; or (4) performing marketing services

16   of any kind for an entity engaged in telemarketing.

17                            **TELEMARKETING BAN**

18   I.      THEREFORE, IT IS HEREBY ORDERED that defendants Hart and Davidson are each

19   permanently restrained and enjoined from either (1) engaging in telemarketing, or (2) assisting

20   others engaged in telemarketing.

21                      **OTHER CONDUCT PROHIBITIONS**

22   II.     IT IS FURTHER ORDERED that defendants Hart and Davidson and their agents,

23   employees, officers, servants and attorneys, and all other persons or entities in active concert or

24   participation with any of them who receive actual notice of this order by personal service or

25   otherwise, in connection with the advertising, promotion, offer for sale, or sale of any item,

26   product, good, service, or investment interest of any kind, including but not limited to

investments in films, are hereby restrained and enjoined from:

        A.      Misrepresenting, directly or by implication, the returns, revenues, or profits that any film has generated for investors;

        B.      Misrepresenting, directly or by implication, the performance (including gross revenues generated and box office receipts) of any film;

        C.      Misrepresenting, directly or by implication, the awards received by any film or by any person who has worked on or been associated with a film;

        D.      Misrepresenting the likely profits to be made through any investment involving films or any other investment;

        E.      Misrepresenting, directly or by implication, the amount of money or other capital that will be raised for any investment involving films or any other investment;

        F.      Misrepresenting, directly or by implication, the purposes for which funds raised from consumers will be used;

        G.      Misrepresenting, directly or by implication, the costs associated with the advertising, promotion, offer for sale, or sale of any item, product, good, service, or investment, including but not limited to any investment involving films;

        H.      Misrepresenting, in any manner, directly or by implication, the risk, liquidity, market value, resale value, or expected income or profit associated with any item, product, good, service, or investment, including but not limited to any investment involving films;

        I.      Misrepresenting, in any manner, directly or by implication, or failing to disclose any fact material to a consumer's decision to purchase any item, product, good, service, or investment, including but not limited to any investment involving films; and

        J.      Conducting or participating in any telemarketing solicitation without compliance with all applicable federal and state registration and bond requirements.

## RECORD KEEPING PROVISIONS

III.     IT IS FURTHER ORDERED that, for a period of seven years from the date of entry of

this Order, defendants Hart and Davidson and their agents, employees, officers, attorneys, servants, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, in connection with any business where

    (1)    that defendant is the majority owner of the business or directly or indirectly manages or controls the business, and where

    (2)    the business engages in, or assists others engaged in, telemarketing

are hereby restrained and enjoined from failing to create, and from failing to retain for a period of three years following the date of such creation, unless otherwise specified:

    A.    Books, records and accounts that, in reasonable detail, accurately and fairly reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues.

    B.    Records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable. The businesses subject to this Paragraph shall retain such records for any terminated employee for a period of two (2) years following the date of termination.

    C.    Records containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, for all consumers to whom such business has sold, invoiced or shipped any goods or services.

    D.    Records that reflect, for every consumer complaint or refund request, whether received directly or indirectly or through any third party:

    (1)    the consumer's name, address, telephone number and the dollar amount paid by the consumer;

    (2)    the written complaint or refund request, if any, and the date of the complaint or refund request;

6

1           (3)    the basis of the complaint, including the name of any salesperson

2           complained against, and the nature and result of any investigation conducted

3           concerning any complaint;

4           (4)    each response and the date of the response;

5           (5)    any final resolution and the date of the resolution; and

6           (6)    in the event of a denial of a refund request, the reason for the denial; and

7      E.    Copies of all sales scripts, training packets, advertisements, or other marketing

8  materials utilized.

9                        **MONITORING**

10  IV.    IT IS FURTHER ORDERED that, in order that compliance with the provisions of this

11  Order may be monitored:

12      A.    Defendants Hart and Davidson each shall notify the Commission in writing,

13  within ten days of the date of entry of this Order, of his current residential address, mailing

14  address, business and home telephone numbers, and employment status, including the names,

15  telephone numbers, and business addresses of any current employers.

16      B.    For a period of seven years from the date of entry of this Order, defendants Hart

17  and Davidson each shall notify the Commission in writing within 30 days of any changes in his

18  residential or mailing addresses, telephone numbers, or employment status.

19      C.    180 days after the date of entry of this Order, defendants Hart and Davidson each

20  shall provide a written report to the Commission, sworn to under penalty of perjury, setting forth

21  in detail the manner and form in which they have complied and are complying with this Order.

22  This report shall include but not be limited to:

23           (1)    Defendant's then current residence address and telephone number;

24           (2)    Defendant's then current employment, business addresses and telephone numbers,

25           a description of the business activities of each such employer, and defendant's title and

26           responsibilities for each employer; and

1    (3)    A copy of each acknowledgment of receipt of this Order obtained by defendant

2    pursuant to Paragraph IX.

3    D.    For the purposes of this Order, all written notifications to the Commission shall be

4    mailed to:

5    Associate Director for Service Industry Practices
     Room H-200
6    Federal Trade Commission
     Washington, D.C. 20580
7    Re:    FTC v. Dayton Family Productions

8    E.    For the purposes of Subparagraphs IV.A and IV.B, "employment" includes the

9    performance of services as an employee, consultant, or independent contractor; and "employers"

10   include any entity or individual for whom any individual defendant performs services as an

11   employee, consultant, or independent contractor.

12   V.    IT IS FURTHER ORDERED that the Commission is authorized to monitor defendants'

13   compliance with this Order by all lawful means, including but not limited to the following

14   means:

15   A.    The Commission is authorized, without further leave of court, to obtain discovery

16   from any person in the manner provided by Chapter V of the Federal Rules of Civil Procedure,

17   Fed. R. Civ. P. 26 - 37, including the use of compulsory process pursuant to Fed. R. Civ. P. 45,

18   for the purpose of monitoring and investigating any defendant's compliance with any provision

19   of this Order.

20   B.    The Commission is authorized to use investigators posing as consumers and

21   suppliers to either defendant, his employees, or any other entity managed or controlled in whole

22   or in part by either defendant, without the necessity of identification or prior notice.

23   C.    Nothing in this Order shall limit the Commission's lawful use of compulsory

24   process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to investigate

25   whether any defendant has violated any provision of this Order or Section 5 of the FTC Act, 15

26   U.S.C. § 45.

8

1   VI.    IT IS FURTHER ORDERED that, for a period of seven years from the date of entry of

2   this Order, for the purpose of further determining compliance with this Order, each defendant

3   shall permit representatives of the Commission, within three business days of receipt of written

4   notice from the Commission:

5          A.    Access during normal business hours to any office, or facility storing documents,

6   of any business where

7          (1)    that defendant is the majority owner of the business or directly or indirectly

8                 manages or controls the business, and where

9          (2)    the business is engaged in, or assists others engaged in, telemarketing.

10  In providing such access, each defendant shall permit representatives of the Commission to

11  inspect and copy all documents relevant to any matter contained in this Order; and shall permit

12  Commission representatives to remove documents relevant to any matter contained in this Order

13  for a period not to exceed five business days so that the documents may be inspected,

14  inventoried, and copied.

15         B.    To interview the officers, directors, and employees, including all personnel

16  involved in responding to consumer complaints or inquiries, and all sales personnel, whether

17  designated as employees, consultants, independent contractors or otherwise, of any business to

18  which Subsection (A) of this Paragraph applies, concerning matters relating to compliance with

19  the terms of this Order.  The person interviewed may have counsel present.

20         *Provided* that, upon application of the Commission and for good cause shown, the Court

21  may enter an *ex parte* order granting immediate access to defendants' business premises for the

22  purposes of inspecting and copying all documents relevant to any matter contained in this Order.

23                                **MONETARY RELIEF**

24  VII.   IT IS FURTHER ORDERED that judgment is hereby entered against defendant

25  Davidson in the amount of SIX MILLION DOLLARS ($6,000,000) and against defendant Hart

26  in the amount of FOUR MILLION NINE HUNDRED THOUSAND DOLLARS ($4,900,000)

1    for equitable monetary relief, including but not limited to consumer redress, and for paying any

2    attendant expenses of administering any redress fund. The Commission in its sole discretion

3    may use a designated agent to administer consumer redress. If the Commission, in its sole

4    discretion, determines that redress is wholly or partially impractical, any funds not so used shall

5    be deposited into the United States Treasury as an equitable disgorgement remedy. Defendants

6    shall have no right to contest the manner of distribution chosen by the Commission or its

7    designated agent.

8                      **ORDER DISTRIBUTION**

9    VIII.    IT IS FURTHER ORDERED that, for a period of seven years from the date of entry of

10    this Order, defendants Hart and Davidson each shall:

11        A.      Provide a copy of this Order to, and obtain a signed and dated acknowledgment of

12    receipt of same from, each officer or director, each individual serving in a management capacity,

13    all personnel involved in responding to consumer complaints or inquiries, and all sales personnel,

14    whether designated as employees, consultants, independent contractors or otherwise,

15    immediately upon employing or retaining any such persons, for any business where

16        (1) that defendant is the majority owner of the business or directly or indirectly manages

17        or controls the business, and where

18        (2) the business engages in, or assists others engaged in, telemarketing; and

19        B.      Maintain for a period of three years after creation, and upon reasonable notice

20    make available to representatives of the Commission, the original signed and dated

21    acknowledgments of the receipt of copies of this Order, as required in Subparagraph A of this

22    Paragraph.

23                             **LISTS**

24    IX.    IT IS FURTHER ORDERED that defendants Hart and Davidson and their officers,

25    agents, servants, employees, and attorneys, and all other persons or entities in active concert or

26    participation with them who receive actual notice of this Order by personal service or otherwise,

1  are permanently restrained and enjoined from selling, renting, leasing, transferring, or otherwise

2  disclosing the name, address, telephone number, credit card number, bank account number,

3  e-mail address, or other identifying information of any person who paid any money to any

4  defendant, at any time prior to entry of this Order, in connection with investments involving

5  films. *Provided* that defendants Hart and Davidson may disclose such identifying information to

6  a law enforcement agency or as required by any law, regulation, or court order.

7  **RETENTION OF JURISDICTION**

8  X.      IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all

9  purposes.

10  **ENTRY OF THIS JUDGMENT**

11  XI.      IT IS FURTHER ORDERED that there is no just reason for delay of entry of this

12  judgment, and, pursuant to Fed. R. Civ. P. 54(b), the Clerk shall enter this Order immediately.

13

14  **IT IS SO ORDERED.**

15

16  The Honorable Philip M. Pro
    United States District Judge

17

18  Feb 17, 1998

19

20

21

22

23

24

25

26

11

## CERTIFICATE OF SERVICE

I certify that on February 13, 1998, I served the attached **[proposed]** JUDGMENT BY
DEFAULT AGAINST DEFENDANTS FREDERICK M. DAVIDSON AND RICHARD S.
HART by sending copies of the foregoing via first class mail to:

Scott M. Cantor
Graziadei & Cantor
302 East Carson Avenue, Suite 400
Las Vegas, NV 89101

Steven R. Scow
612 South Seventh Street
Las Vegas, NV 89101

John V. Spilotro
624 S. Ninth Street
Las Vegas, NV 89101

Richard S. Hart
7340 W. Darby
Las Vegas, NV 89117

Frederick M. Davidson
3550 S. Paradise Rd.
Las Vegas, NV 89109

Executed at Washington, D.C., on February 13, 1998.

Gregg Shapiro