RECEIVED

1998 FEB 13  AM 11: 19



1    GREGG SHAPIRO
     Federal Trade Commission
2    600 Pennsylvania Ave., N.W., Rm. 200
     Washington, D.C. 20580
3    (202) 326-3549 (voice)
     (202) 326-3392 (facsimile)

4

5    JEROME M. STEINER
     Federal Trade Commission
     901 Market St., Ste. 570
6    San Francisco, CA 94103
     (415) 356-5270

7

8    BLAINE T. WELSH
     Assistant United States Attorney
9    701 E. Bridger Ave., Ste. ___
     Las Vegas, NV 89___
10   (702) 388-6336

ENTERED AND SERVED
FEB 20 1998

FILED
FEB 19 1998
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY_____DEPUTY

Attorneys for Plaintiff

11

12             UNITED STATES DISTRICT COURT
                DISTRICT OF NEVADA

13

14    FEDERAL TRADE COMMISSION,        )   CV-S-97-750-PMP (LRL)

15        Plaintiff,                       )

16           v.                          )

17        Defendants.                )

18

19         **[Proposed] FINAL ORDER AGAINST  DEFENDANTS JOHN IAVARONE, GLEN BURKE, IGNACIO JIMENEZ, DAYTON FAMILY PRODUCTIONS, INC., J. J. DAYTON ASSOCIATES, INC., HIGH VOLTAGE PICTURES, INC., HIGH VOLTAGE ENTERTAINMENT, INC., AZTEC ESCROW, INC.,  REUNION MANAGEMENT, INC., AMERICAN FAMILY CONSULTANTS, INC., AMERICAN FAMILY PRODUCTIONS, INC., and ICON MANAGEMENT  SERVICES, INC.**

22        Plaintiff, the Federal Trade Commission ("Commission"), commenced this action by

23    filing its complaint against defendants Dayton Family Productions, Inc., J. J. Dayton Associates,

24    Inc., High Voltage Pictures, Inc. aka High Voltage Entertainment, John Rubbico, individually

25    and doing business as J J Family Film Productions, John Iavarone, Glen Burke, Ignacio Jimenez,

26    Kevin Roy, and Fred Davidson.  The Commission later amended its complaint to name

87

1  American Family Productions, Inc., American Family Consultants, Inc., Reunion Management,

2  Inc., Icon Management Services, Inc., Aztec Escrow, Inc., Raymond Filosi, and Richard S. Hart

3  as additional defendants.  The amended complaint alleges that the defendants engaged in unfair

4  or deceptive acts or practices in violation of Section 5 of the Federal Trade Commission Act

5  ("FTC Act"), 15 U.S.C. § 45, and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and

6  seeks a permanent injunction and monetary relief pursuant to Section 13(b) of the FTC Act and

7  the TSR.  The Commission has now moved for summary judgment against individual defendants

8  Iavarone, Burke, Jimenez,  and Roy, and against all of the corporate defendants pursuant to Fed.

9  R. Civ. P. 56.[1]  Having considered the memorandum and exhibits filed in support of this motion,

10 and all other pleadings and files in this action, and now being fully advised in the premises, the

11 Court finds:

12        1.        This is an action by the Commission instituted under Sections 5 and 13(b) of the

13 Federal Trade Commission Act, 15 U.S.C. §§ 45 and 53(b), and the TSR, 16 C.F.R. Part 310.

14 The amended complaint seeks both permanent injunctive relief and consumer redress for alleged

15 unfair or deceptive acts or practices by the defendants in connection with the promotion of

16 investments in films.

17        2.        The Commission has the authority under Section 13(b) of the FTC Act and the

18 TSR to seek the relief it has requested.

19        3.        This Court has jurisdiction over the subject matter of this case and has jurisdiction

20 over each of the defendants.  Venue in the District of Nevada is proper, and the complaint states

21 a claim upon which relief may be granted against the defendants under Sections 5 and 13(b) of

22 the FTC Act and under the TSR.

23

24        [1] For purposes of the remainder of this order, the term "defendants" refers to Dayton
   Family Productions, Inc., J. J. Dayton Associates, Inc., High Voltage Pictures, Inc., High Voltage

25 Entertainment, Inc., American Family Productions, Inc., American Family Consultants, Inc.,
   Reunion Management, Inc., Icon Management Services, Inc., Aztec Escrow, Inc., John Iavarone,

26 Glen Burke, Ignacio Jimenez, and Kevin Roy.

1      4.     The activities of the defendants are in or affecting commerce, as defined in 15

2 U.S.C. § 44.

3      5.     Based on the record before this Court, the Court finds that there is no genuine

4 issue as to any material fact, and the FTC is entitled to judgment as a matter of law, pursuant to

5 Fed. R. Civ. P. 56.

6      6.     Section 13(b) of the FTC Act authorizes a court to grant a permanent injunction

7 against violations of any provision of law enforced by the Commission.  This Court is persuaded

8 that the danger of future violations by the defendants justifies the issuance of injunctive relief.

9 Specifically, it is proper in this case to issue a permanent injunction that:  (a) prohibits the

10 defendants from making, in connection with the advertising, promotion, offering for sale, or sale

11 of any good or service, certain misrepresentations; (b) bans the corporate defendants and

12 individual defendants Iavarone, Burke, and Roy from telemarketing; and (c) provides for

13 monitoring by the Commission of the defendants' compliance with such a permanent injunction.

14      7.     Section 13(b) of the FTC Act authorizes a court to order a defendant who has

15 violated the FTC Act or the TSR to pay a judgment for equitable monetary relief.  The Court

16 concludes that the defendants violated the FTC Act and the TSR, and that it is therefore proper in

17 this case to enter a monetary judgment for consumer redress and/or disgorgement against the

18 defendants (except defendant Roy), jointly and severally.  The proper measure of consumer

19 injury is the amount of money paid by consumers that resulted from the defendants' violations of

20 Section 5 of the FTC Act and of the TSR.  Redress to consumers is warranted because

21 defendants' misrepresentations are of a type generally relied upon by consumers.  It is also

22 proper to enter a monetary judgement against defendant Roy to require him to disgorge the

23 unjust enrichment he received through defendants' violations of Section 5 of the FTC Act and of

24 the TSR.

25      8.     This action and the relief awarded herein are in addition to, and not in lieu of,

26 other remedies as may be provided by law, including both civil and criminal remedies.

1    9.    Entry of this Order is in the public interest.

2    IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

3    <u>DEFINITIONS</u>

4    For purposes of this Order, the following definitions shall apply:

5    A.    "Telemarketing" shall mean any business activity (whether or not covered by the

6    TSR and including, but not limited to, initiating or receiving telephone calls, managing others

7    who initiate or receive telephone calls, operating an enterprise that initiates or receives telephone

8    calls, owning an enterprise that initiates or receives telephone calls, or otherwise participating as

9    an officer, director, employee or independent contractor in an enterprise that initiates or receives

10    telephone calls) that involves attempts to induce consumers to purchase any item, good, service,

11    partnership interest, trust interest or other beneficial interest, to make a charitable contribution, or

12    to enter a contest for a prize, by means of telephone sales presentations, either exclusively or in

13    conjunction with the use of other forms of marketing. *Provided* that the term "telemarketing"

14    shall not include transactions that are not completed until after a face-to-face contact between the

15    seller or solicitor and the consumers solicited.

16    B.    "Assisting others engaged in telemarketing" means knowingly providing any of

17    the following goods or services to any person or entity engaged in telemarketing: (1) performing

18    customer service functions for an entity engaged in telemarketing, including, but not limited to,

19    receiving or responding to consumer complaints; (2) formulating or providing, or arranging for

20    the formulation or provision of, any telephone sales script or any other marketing material for an

21    entity engaged in telemarketing; (3) providing names of, or assisting in the generation of,

22    potential customers for an entity engaged in telemarketing; or (4) performing marketing services

23    of any kind for an entity engaged in telemarketing.

24    **PROHIBITED BUSINESS PRACTICES**

25    I.    THEREFORE, IT IS HEREBY ORDERED that defendants and their agents, employees,

26    officers, servants and attorneys, and all other persons or entities in active concert or participation

1  with any of them who receive actual notice of this order by personal service or otherwise, in
2  connection with the advertising, promotion, offer for sale, or sale of any item, product, good,
3  service, or investment interest of any kind, including but not limited to investments in films, are
4  hereby restrained and enjoined from:

5      A.      Misrepresenting, directly or by implication, the returns, revenues, or profits that
6  any film has generated for investors;

7      B.      Misrepresenting, directly or by implication, the performance (including gross
8  revenues generated and box office receipts) of any film;

9      C.      Misrepresenting, directly or by implication, the awards received by any film or by
10  any person who has worked on or been associated with a film;

11      D.      Misrepresenting the likely profits to be made through any investment involving
12  films or any other investment;

13      E.      Misrepresenting, directly or by implication, the amount of money or other capital
14  that will be raised for any investment involving films or any other investment;

15      F.      Misrepresenting, directly or by implication, the purposes for which funds raised
16  from consumers will be used;

17      G.      Misrepresenting, directly or by implication, the costs associated with the
18  advertising, promotion, offer for sale, or sale of any item, product, good, service, or investment,
19  including but not limited to any investment involving films;

20      H.      Misrepresenting, in any manner, directly or by implication, the risk, liquidity,
21  market value, resale value, or expected income or profit associated with any item, product, good,
22  service, or investment, including but not limited to any investment involving films;

23      I.      Misrepresenting, in any manner, directly or by implication, or failing to disclose
24  any fact material to a consumer's decision to purchase any item, product, good, service, or
25  investment, including but not limited to any investment involving films; and

26

1        J.     Conducting or participating in any telemarketing solicitation without compliance

2  with all applicable federal and state registration and bond requirements.

3                **TELEMARKETING BAN**

4  II.     IT IS FURTHER ORDERED that defendants Dayton Family Productions, Inc., J. J.

5  Dayton Associates, Inc., High Voltage Pictures, Inc., High Voltage Entertainment, Inc.,

6  American Family Productions, Inc., American Family Consultants, Inc., Reunion Management,

7  Inc., Icon Management Services, Inc., Aztec Escrow, Inc., John Iavarone, Glen Burke, and

8  Ignacio Jimenez are each permanently restrained and enjoined from either (1) engaging in

9  telemarketing, or (2) assisting others engaged in telemarketing.

10             **RECORD KEEPING PROVISIONS**

11  III.    IT IS FURTHER ORDERED that, for a period of seven years from the date of entry of

12  this Order, defendants and their agents, employees, officers, attorneys, servants, corporations,

13  successors, and assigns, and those persons in active concert or participation with them who

14  receive actual notice of this Order by personal service or otherwise, in connection with any

15  business where

16        (1)     a defendant is the majority owner of the business or directly or indirectly manages

17             or controls the business, and where

18        (2)     the business engages in, or assists others engaged in, telemarketing

19  are hereby restrained and enjoined from failing to create, and from failing to retain for a period of

20  three years following the date of such creation, unless otherwise specified:

21        A.     Books, records and accounts that, in reasonable detail, accurately and fairly reflect

22  the cost of goods or services sold, revenues generated, and the disbursement of such revenues.

23        B.     Records accurately reflecting:  the name, address, and telephone number of each

24  person employed in any capacity by such business, including as an independent contractor; that

25  person's job title or position; the date upon which the person commenced work; and the date and

26  reason for the person's termination, if applicable.  The businesses subject to this Paragraph shall

1  retain such records for any terminated employee for a period of two (2) years following the date

2  of termination.

3        C.     Records containing the names, addresses, phone numbers, dollar amounts paid,

4  quantity of items or services purchased, and description of items or services purchased, for all

5  consumers to whom such business has sold, invoiced or shipped any goods or services.

6        D.     Records that reflect, for every consumer complaint or refund request, whether

7  received directly or indirectly or through any third party:

8              (1)    the consumer's name, address, telephone number and the dollar amount

9              paid by the consumer;

10              (2)    the written complaint or refund request, if any, and the date of the

11              complaint or refund request;

12              (3)    the basis of the complaint, including the name of any salesperson

13              complained against, and the nature and result of any investigation conducted

14              concerning any complaint;

15              (4)    each response and the date of the response;

16              (5)    any final resolution and the date of the resolution; and

17              (6)    in the event of a denial of a refund request, the reason for the denial; and

18        E.     Copies of all sales scripts, training packets, advertisements, or other marketing

19  materials utilized.

20                                         **MONITORING**

21  IV.    IT IS FURTHER ORDERED that, in order that compliance with the provisions of this

22  Order may be monitored:

23        A.     Defendants Iavarone, Burke, Jimenez, and Roy each shall notify the Commission

24  in writing, within ten days of the date of entry of this Order, of his current residential address,

25  mailing address, business and home telephone numbers, and employment status, including the

26  names, telephone numbers, and business addresses of any current employers.

1    B.    For a period of seven years from the date of entry of this Order, defendants

2  Iavarone, Burke, Jimenez, and Roy each shall notify the Commission in writing within 30 days

3  of any changes in his residential or mailing addresses, telephone numbers, or employment status.

4    C.    180 days after the date of entry of this Order, defendants Iavarone, Burke,

5  Jimenez, and Roy each shall provide a written report to the Commission, sworn to under penalty

6  of perjury, setting forth in detail the manner and form in which they have complied and are

7  complying with this Order.  This report shall include but not be limited to:

8    (1)    Defendant's then current residence address and telephone number;

9    (2)    Defendant's then current employment, business addresses and telephone numbers,

10    a description of the business activities of each such employer, and defendant's title and

11    responsibilities for each employer; and

12    (3)    A copy of each acknowledgment of receipt of this Order obtained by defendant

13    pursuant to Paragraph IX.

14    D.    For the purposes of this Order, all written notifications to the Commission shall be

15  mailed to:

16    Associate Director for Service Industry Practices
    Room H-200
17    Federal Trade Commission
    Washington, D.C. 20580
18    Re:    FTC v. Dayton Family Productions

19    E.    For the purposes of Subparagraphs IV.A and IV.B, "employment" includes the

20  performance of services as an employee, consultant, or independent contractor; and "employers"

21  include any entity or individual for whom any individual defendant performs services as an

22  employee, consultant, or independent contractor.

23  V.    IT IS FURTHER ORDERED that the Commission is authorized to monitor defendants'

24  compliance with this Order by all lawful means, including but not limited to the following

25  means:

26    A.    The Commission is authorized, without further leave of court, to obtain discovery

Page 8 of 12

1  from any person in the manner provided by Chapter V of the Federal Rules of Civil Procedure,

2  Fed. R. Civ. P. 26 - 37, including the use of compulsory process pursuant to Fed. R. Civ. P. 45,

3  for the purpose of monitoring and investigating any defendant's compliance with any provision

4  of this Order.

5        B.     The Commission is authorized to use investigators posing as consumers and

6  suppliers to any defendant, his or its employees, or any other entity managed or controlled in

7  whole or in part by any defendant, without the necessity of identification or prior notice.

8        C.     Nothing in this Order shall limit the Commission's lawful use of compulsory

9  process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to investigate

10  whether any defendant has violated any provision of this Order or Section 5 of the FTC Act, 15

11  U.S.C. § 45.

12  VI.    IT IS FURTHER ORDERED that, for a period of seven years from the date of entry of

13  this Order, for the purpose of further determining compliance with this Order, each defendant

14  shall permit representatives of the Commission, within three business days of receipt of written

15  notice from the Commission:

16        A.     Access during normal business hours to any office, or facility storing documents,

17  of any business where

18        (1)    a defendant is the majority owner of the business or directly or indirectly manages

19            or controls the business, and where

20        (2)    the business is engaged in, or assists others engaged in, telemarketing.

21  In providing such access, each defendant shall permit representatives of the Commission to

22  inspect and copy all documents relevant to any matter contained in this Order; and shall permit

23  Commission representatives to remove documents relevant to any matter contained in this Order

24  for a period not to exceed five business days so that the documents may be inspected,

25  inventoried, and copied.

26        B.     To interview the officers, directors, and employees, including all personnel

1   involved in responding to consumer complaints or inquiries, and all sales personnel, whether
2   designated as employees, consultants, independent contractors or otherwise, of any business to
3   which Subsection (A) of this Paragraph applies, concerning matters relating to compliance with
4   the terms of this Order. The person interviewed may have counsel present.

5     *Provided* that, upon application of the Commission and for good cause shown, the Court
6   may enter an *ex parte* order granting immediate access to defendants' business premises for the
7   purposes of inspecting and copying all documents relevant to any matter contained in this Order.

8   **MONETARY RELIEF**

9   VII. IT IS FURTHER ORDERED that judgment is hereby entered against each of the
10  defendants (except defendant Roy), jointly and severally, in the amount of SIX MILLION TWO
11  HUNDRED THOUSAND DOLLARS ($6,200,000) for equitable monetary relief, including but
12  not limited to consumer redress, and for paying any attendant expenses of administering any
13  redress fund. Judgment is hereby entered defendant Roy in the amount of EIGHT THOUSAND
14  FOUR HUNDRED DOLLARS ($8,400) for equitable monetary relief, including but not limited
15  to consumer redress, and for paying any attendant expenses of administering any redress fund.
16  The Commission in its sole discretion may use a designated agent to administer consumer
17  redress. If the Commission, in its sole discretion, determines that redress is wholly or partially
18  impractical, any funds not so used shall be deposited into the United States Treasury as an
19  equitable disgorgement remedy. Defendants shall have no right to contest the manner of
20  distribution chosen by the Commission or its designated agent.

21  **TURNOVER OF FROZEN ASSETS**

22  VIII. IT IS FURTHER ORDERED that, in order partially to satisfy the monetary judgment set
23  forth above, any financial or brokerage institution, escrow agent, title company, commodity
24  trading company, business entity, or person that holds, controls or maintains frozen accounts or
25  assets of the defendants pursuant to the temporary restraining order and preliminary injunction in
26  this case shall turn over such account or asset to the Commission. The accounts and assets

affected by this Paragraph include, but are not limited to:

- Nevada Federal Credit Union account number 182580234, to which defendant Iavarone is a signatory (approximate balance = $1,811);

- First Bank of Beverly Hills account number 0150600716, to which defendant Burke is a signatory (approximate balance = $545);

- California Federal Bank account number 894-402396-2, to which defendant Ignacio Jimenez is a signatory (approximate balance = $375);

- American Express account number 3783-497460-62004, to which defendant Iavarone is a signatory (approximate balance = $785); and

- American Bank of Commerce account number 404017796, to which defendant Burke is a signatory (approximate balance = $3,816).

**ORDER DISTRIBUTION**

IX.     IT IS FURTHER ORDERED that, for a period of seven years from the date of entry of this Order, individual defendants Iavarone, Burke, Jimenez, and Roy each shall:

A.     Provide a copy of this Order to, and obtain a signed and dated acknowledgment of receipt of same from, each officer or director, each individual serving in a management capacity, all personnel involved in responding to consumer complaints or inquiries, and all sales personnel, whether designated as employees, consultants, independent contractors or otherwise, immediately upon employing or retaining any such persons, for any business where

(1) that defendant is the majority owner of the business or directly or indirectly manages or controls the business, and where

(2) the business engages in, or assists others engaged in, telemarketing; and

B.     Maintain for a period of three years after creation, and upon reasonable notice make available to representatives of the Commission, the original signed and dated acknowledgments of the receipt of copies of this Order, as required in Subparagraph A of this Paragraph.

1

**RETENTION OF JURISDICTION**

2   X.      IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all

3   purposes.

4

**ENTRY OF THIS JUDGMENT**

5   XI.     IT IS FURTHER ORDERED that there is no just reason for delay of entry of this

6   judgment, and, pursuant to Fed. R. Civ. P. 54(b), the Clerk shall enter this Order immediately.

7

8   **IT IS SO ORDERED.**

9

10

11
            The Honorable Philip M. Pro
            United States District Judge

12

13   Dated: _____Feb. 17_____, 1998

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 12 of 12

## CERTIFICATE OF SERVICE

I certify that on February 12, 1998, I served the attached **[proposed[ FINAL ORDER AGAINST DEFENDANTS JOHN IAVARONE, ET AL.** by sending copies of the foregoing via first class mail to:

Scott M. Cantor
Graziadei & Cantor
302 East Carson Avenue, Suite 400
Las Vegas, NV 89101

Steven R. Scow
612 South Seventh Street
Las Vegas, NV 89101

John V. Spilotro
624 S. Ninth Street
Las Vegas, NV 89101

Executed at Washington, D.C., on February 12, 1998.

Gregg Shapiro