GREGG SHAPIRO
Federal Trade Commission
600 Pennsylvania Ave., N.W., Rm. 200
Washington, D.C. 20580
(202) 326-3549 (voice)
(202) 326-3392 (facsimile)

JEROME M. STEINER, JR.
Federal Trade Commission
901 Market St., Ste. 570
San Francisco, CA 94103
(415) 356-5270

BLAINE T. WELSH
Assistant United States Attorney
701 E. Bridger Ave., Ste. 800
Las Vegas, NV 89101
(702) 388-6336

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DAYTON FAMILY PRODUCTIONS, INC., et al.,<br><br>Defendants. | CV-S-97-750-PMP (LRL)<br><br>STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND SETTLEMENT OF CLAIMS FOR MONETARY RELIEF AGAINST DEFENDANTS GLEN BURKE, JOHN IAVARONE, IGNACIO JIMENEZ, KEVIN ROY, J.J. DAYTON ASSOCIATES, INC., HIGH VOLTAGE PICTURES, INC., HIGH VOLTAGE ENTERTAINMENT, INC., and AZTEC ESCROW, INC., |

Plaintiff, the Federal Trade Commission ("Commission"), commenced this action by filing its complaint against defendants Dayton Family Productions, Inc., J. J. Dayton Associates, Inc., High Voltage Pictures, Inc., John Rubbico, individually and doing business as J J Family Film Productions, John Iavarone, Glen Burke, Ignacio Jimenez, Kevin Roy, and Fred Davidson.

Stipulated Order                                          Page 1 of 16

1  The Commission later amended its complaint to name American Family Productions, Inc.,
2  American Family Consultants, Inc., High Voltage Entertainment, Inc., Reunion Management,
3  Inc., Icon Management Services, Inc., Aztec Escrow, Inc., Raymond Filosi, and Richard S. Hart
4  as additional defendants. The amended complaint alleges that the defendants engaged in unfair
5  or deceptive acts or practices in violation of Section 5 of the Federal Trade Commission Act
6  ("FTC Act"), 15 U.S.C. § 45, and of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310,
7  and seeks a permanent injunction and monetary relief pursuant to Section 13(b) of the FTC Act
8  and the TSR. The Commission and these defendants, as hereinafter defined, hereby stipulate to
9  the entry of this Final Order for Permanent Injunction and Settlement of Claims for Monetary
10 Relief ("Order"). Being advised of the premises, the Court finds:

11     A.    This is an action by the Commission instituted under Sections 5 and 13(b) of the
12     Federal Trade Commission Act, 15 U.S.C. §§ 45 and 53(b), and the TSR, 16 C.F.R. Part
13     310. The amended complaint seeks both permanent injunctive relief and consumer
14     redress for alleged unfair or deceptive acts or practices by these defendants in connection
15     with the promotion of investments in films.

16     B.    The Commission has the authority under Section 13(b) of the FTC Act and the
17     TSR to seek the relief it has requested.

18     C.    This Court has jurisdiction over the subject matter of this case and has jurisdiction
19     over each of these defendants. Venue in the District of Nevada is proper, and the
20     complaint states a claim upon which relief may be granted against these defendants under
21     Sections 5 and 13(b) of the FTC Act and under the TSR.

22     D.    The activities of these defendants are in or affecting commerce, as defined in 15
23     U.S.C. § 44.

24     E.    Each of these defendants neither admits nor denies the allegations set forth in the
25     amended complaint.

26     F.    Each of these defendants waives all rights to seek judicial review or otherwise

challenge or contest the validity of this Order. Each of these defendants also waives any claim that he or it may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each of these defendants shall bear his or its own costs and attorneys fees incurred in connection with this action.

G. The Commission and the defendants have agreed that the entry of this Order resolves all matters of dispute between them arising from the complaint in this action, up to the date of entry of this Order. This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

H. Consistent with the principles set forth in United States v. Halper, 490 U.S. 435 (1989), each of these defendants, by signing and stipulating to this Order, acknowledges and agrees that this civil action has not placed him or it in jeopardy and that this Order does not preclude subsequent criminal action against him or it.

I. Entry of this Order is in the public interest.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

## DEFINITIONS

I. For purposes of this Order, the following definitions shall apply:

A. "Telemarketing" means a plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones and which involves more than one interstate telephone call. The term does not include the solicitation of sales through the mailing of a catalog which: contains a written description or illustration of the goods or services offered for sale; includes the business address of the seller; includes multiple pages of written material or illustrations; and has been issued not less frequently than once a year, when the person making the solicitation does not solicit customers by telephone but only receives calls initiated by customers in response

to the catalog and during those calls takes orders only without further solicitation. For purposes of the previous sentence, the term "further solicitation" does not include providing the customer with information about, or attempting to sell, any other item included in the same catalog which prompted the customer's call or in a substantially similar catalog. The term "telemarketing" does not include telephone calls initiated by a consumer in response to an advertisement through any media, other than direct mail or e-mail solicitations; provided, however, that this exception does not apply to calls initiated by a consumer in response to an advertisement relating to investments.

B. "Assisting others" means knowingly providing any of the following goods or services to any person or entity (1) performing customer service functions for an entity including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material for an entity; (3) providing names of, or assisting in the generation of, potential customers for an entity; or (4) performing marketing services of any kind for an entity.

C. Unless otherwise indicated, the term "these defendants" or "defendants" refers to and includes the following individuals: John Iavarone, Glen Burke, Ignacio Jimenez, and Kevin Roy (the "individual defendants"); and refers to the following corporations or business entities: J. J. Dayton Associates, Inc., High Voltage Pictures, Inc., High Voltage Entertainment, Inc., and Aztec Escrow, Inc. (the "corporate defendants").

**PROHIBITED BUSINESS PRACTICES**

II. THEREFORE, IT IS HEREBY ORDERED that defendants and their agents, employees, officers, and servants, and all other persons or entities in active concert or participation with them who receive actual notice of this order by personal service or otherwise, in connection with the advertising, promotion, offer for sale, or sale of any item, product, good, service, or investment interest of any kind, including but not limited to investments in films, are hereby

restrained and enjoined from:

A. Misrepresenting, directly or by implication:

1. the returns, revenues, or profits that any film has generated for investors;

2. the performance (including gross revenues generated and box office receipts) of any film;

3. the awards received by any film or by any person who has worked on or been associated with a film;

4. the likely profits to be made through any investment involving films or any other investment;

5. the amount of money or other capital that will be raised for any investment involving films or any other investment;

6. the purposes for which funds raised from consumers will be used;

7. the costs associated with the advertising, promotion, offer for sale, or sale of any item, product, good, service, or investment, including but not limited to any investment involving films;

8. the risk, liquidity, market value, resale value, or expected income or profit associated with any item, product, good, service, or investment, including but not limited to any investment involving films;

B. Misrepresenting, in any manner, directly or by implication, or failing to disclose any fact material to a consumer's decision to purchase any item, product, good, service, or investment, including but not limited to any investment involving films;

C. Assisting others in violating any provision in Subsections A and B of this Paragraph;

D. Violating or assisting others to violate any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310, including but not limited to: misrepresenting, directly or by implication "[a]ny material aspect of an investment opportunity including, but not limited

to, risk, liquidity, earnings potential, or profitability." 16 C.F.R. § 310.3(a)(2)(vi).

## BAN ON TELEMARKETING

III. IT IS FURTHER ORDERED that defendants John Iavarone, Glen Burke, Ignacio Jimenez, Kevin Roy, J. J. Dayton Associates, Inc., High Voltage Pictures, Inc., High Voltage Entertainment, and Aztec Escrow, Inc. are hereby permanently restrained and enjoined from either (1) engaging in telemarketing; or (2) assisting others in telemarketing.

## LISTS

IV. IT IS FURTHER ORDERED that defendants and their officers, agents, servants, and employees, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who paid any money to any defendant, at any time prior to entry of this Order, in connection with investments involving films. *Provided* that defendants may disclose such identifying information with the express written consent of the person whose information is disclosed, to a law enforcement agency, or as required by any law, regulation, or court order.

## MONETARY RELIEF

V. IT IS FURTHER ORDERED:

 A.  That judgment is hereby entered against each of the defendants, jointly and severally, in the amount of TEN THOUSAND DOLLARS ($10,000) for equitable monetary relief, including but not limited to consumer redress, and for paying any attendant expenses of administering any redress fund. This $10,000 judgment shall be separate and in addition to any assets turned over to the Commission pursuant to Paragraph VI of this Order.

 B.  That any funds paid by defendants pursuant to Paragraphs V and VI of this Order

shall be paid into a redress fund administered by the Commission. If the Commission, in its sole discretion, determines that redress is wholly or partially impractical, any funds not so used shall be deposited into the United States Treasury as an equitable disgorgement remedy. Defendants shall have no right to contest the manner of distribution chosen by the Commission or its designated agent.

## TURNOVER OF FROZEN ASSETS

VI. IT IS FURTHER ORDERED THAT all funds in the following previously frozen accounts shall be transferred to the Commission:

- Nevada Federal Credit Union account number 182580234, to which defendant Iavarone is a signatory (approximate balance = $1,811);
- First Bank of Beverly Hills account number 0150600716, to which defendant Burke is a signatory (approximate balance = $545);
- California Federal Bank account number 894-4023962, to which defendant Ignacio Jimenez is a signatory (approximate balance = $375);
- California Federal Bank account number 894-4007189, to which defendant Ignacio Jimenez is a signatory (approximate balance = $2,200);
- American Express account number 3783-497460-62004, to which defendant Iavarone is a signatory (approximate balance = $785); and
- American Bank of Commerce account number 404017796, to which defendant Burke is a signatory (approximate balance = $3,816).

For each of the foregoing transfers, the Commission shall be responsible for any withdrawal penalties and fees to the extent that such penalties and fees do not exceed the value of the transfer.

## ORDER DISTRIBUTION

VII. IT IS FURTHER ORDERED that, for a period of three years from the date of entry of this Order, each individual defendant shall:

A. Provide a copy of this Order to, and obtain a signed and dated acknowledgment of receipt of same from, each officer or director, each individual serving in a management capacity, all personnel involved in responding to consumer complaints or inquiries, and all sales personnel, whether designated as employees, consultants, independent contractors or otherwise, immediately upon employing or retaining any such persons, for any business where (1) that individual defendant is the majority owner of the business or otherwise directly or indirectly manages or controls the business, and where (2) the business engages in, or assists others engaged in, telemarketing or the sale of investments; and

B. Maintain for a period of three (3) years after creation, and upon reasonable notice, make available to representatives of the Commission, the original signed and dated acknowledgments of the receipt of copies of this Order, as required in Subpart A of this Paragraph.

## RECORD KEEPING PROVISIONS

VIII. IT IS FURTHER ORDERED that, for a period of three years from the date of entry of this Order, each individual defendant and his officers, agents, servants, and employees, and all other persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, in connection with any business where (1) said individual defendant is the majority owner of the business or directly or indirectly manages or controls the business, and where (2) the business engages in, or assists others engaged in, telemarketing or the sale of investments, is hereby restrained and enjoined from:

A. Failing to create, and from failing to retain for a period of three (3) years following the date of such creation, unless otherwise specified:

1. Books, records, and accounts that, in reasonable detail, accurately and fairly reflect the cost of goods or services sold, revenues generated, and the

disbursement of such revenues;

2. Records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable. The business subject to this paragraph shall retain such records for any terminated employee for a period of two (2) years following the date of termination;

3. Records containing the names, addresses, phone numbers, dollar amounts paid, quantity of items, services or investments purchased, and description of items, services, or investments purchased for all consumers to whom such business has sold, invoiced or shipped any good, service, or investment;

4. Records that reflect, for every consumer complaint or refund request, whether received directly or indirectly or through any third party;

    a. the consumer's name, address, telephone number and the dollar amount paid by the consumer;

    b. the written complaint or refund request, if any, and the date of the complaint or refund request;

    c. the basis of the complaint, including the name of any salesperson complained against, and the nature and result of any investigation conducted concerning any complaint;

    d. each response and the date of the response;

    e. any final resolution and the date of the resolution; and

    f. in the event of a denial of a refund request, the reason for the denial; and

5. Copies of all sales scripts, training materials, advertisements, or other

marketing materials utilized; *provided* that copies of all sales scripts, training materials, advertisements, or other marketing materials utilized shall be retained for three (3) years after the last date of dissemination of any such materials.

B.      Destroying, throwing away, mutilating, changing, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any books, records, tapes, discs, accounting data, checks (fronts and backs), correspondence, forms, advertisements, brochures, manuals, electronically stored data, banking records, consumer lists, files, invoices, telephone records, ledgers, payroll records, or other business or financial documents of any kind, including information stored in computer-maintained form, in the possession, custody, or control of defendant or any other person or entity in active concert or participation with defendant.

## COMPLIANCE REPORTING BY DEFENDANTS

IX.     IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

A.      For a period of three years from the date of entry of this Order, each individual defendant shall notify the Commission in writing within 30 days of the following:

   1.   Any changes in the defendant's residence, mailing addresses, and telephone numbers within 10 days of such change;

   2.   Any changes in the defendant's employment status (including self-employment) within 10 days of such change. Such notice shall include the name and address of each business that the defendant is affiliated with or employed by, a statement of the nature of the business, and a statement of the defendant's duties and responsibilities in connection with the business or employment; and

   3.   Any proposed change in the structure of any business entity owned or controlled by the defendant, such as creation, incorporation, dissolution, assignment, sale, merger, creation, dissolution of subsidiaries, proposed filing of

bankruptcy petition, or change in the corporate name or address, or any change that may affect compliance obligations arising out of this Order, thirty (30) days prior to the effective date of any proposed change; *provided*, however, that, with respect to any proposed change in the corporation about which the defendant learns less than thirty (30) days prior to the date such action is to take place, the defendant shall notify the Commission as soon as is practicable after learning of such proposed change;

B. One hundred eighty (180) days after the date of entry of this Order, each defendant shall provide a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which the defendant has complied and is complying with this Order. This report shall include but not be limited to:

1. The defendant's then current residence (if an individual defendant) or business address (if a corporate defendant) and telephone number;

2. For individual defendants, the defendant's then current employment, business addresses and telephone numbers, a description of the business activities of each such employer, and the defendant's title and responsibilities for each employer;

3. A copy of each acknowledgment of receipt of this Order obtained by each defendant pursuant to Paragraph VII of this Order;

4. A statement describing the manner in which the defendant has complied and is complying with Paragraphs II through VIII of this Order; and

C. Upon written request by a representative of the Commission, defendants shall submit additional written reports (under oath, if requested) and produce documents on fifteen (15) days' notice with respect to any conduct subject to this Order;

D. For the purposes of this Order, defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to:

|   |   |   |
|---|---|---|
| 1 | | Associate Director for Service Industry Practices |
| 2 | | Room H-200<br>Federal Trade Commission<br>Washington, D.C. 20580 |
| 3 | Re: | FTC v. Dayton Family Productions |

4  E.   For the purposes of this Paragraph, "employment" includes the performance of services as an employee, consultant, or independent contractor; and "employers" include any individual or entity for whom any defendant performs services as an employee, consultant, or independent contractor.

## COMMISSION'S AUTHORITY TO MONITOR COMPLIANCE

X.   IT IS FURTHER ORDERED that the Commission is authorized to monitor defendants' compliance with this Order by all lawful means, including but not limited to the following means:

A.   The Commission is authorized, without further leave of court, to obtain discovery from any person in the manner provided by Chapter V of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 26 - 37, including the use of compulsory process pursuant to Fed. R. Civ. P. 45, for the purpose of monitoring and investigating defendants' compliance with any provision of this Order;

B.   The Commission is authorized to use representatives posing as consumers and suppliers to defendants, defendants' employees, or any other entity managed or controlled in whole or in part by defendants, without the necessity of identification or prior notice;

C.   Nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to investigate whether any defendant has violated any provision of this Order or Section 5 of the FTC Act, 15 U.S.C. § 45.

## ACCESS TO BUSINESS PREMISES

XI.   IT IS FURTHER ORDERED that, for a period of three years from the date of entry of this Order, for the purpose of further determining compliance with this Order, each defendant

shall permit representatives of the Commission, within three (3) business days of receipt of written notice from the Commission:

    A. Access during normal business hours to any office, or facility storing documents, of any business where the named defendant is the majority owner of the business or directly or indirectly manages or controls the business, and where the business is engaged in telemarketing or the sale of investments, or assisting others engaged in said activities. In providing such access, defendants shall permit representatives of the Commission to inspect and copy all documents relevant to any matter contained in this Order; and shall permit Commission representatives to remove documents relevant to any matter contained in this Order for a period not to exceed five (5) business days so that the documents may be inspected, inventoried, and copied; and

    B. To interview the officers, directors, and employees, including all personnel involved in responding to consumer complaints or inquiries, and all sales personnel, whether designated as employees, consultants, independent contractors or otherwise, of any business to which Subsection A of this Paragraph applies, concerning matters relating to compliance with the terms of this Order. The person interviewed may have counsel present.

*Provided* that, upon application of the Commission and for good cause shown, the Court may enter an *ex parte* order granting immediate access to defendants' business premises for the purposes of inspecting and copying all documents relevant to any matter contained in this Order.

## SUBSEQUENT PROCEEDINGS

XII. Notwithstanding any other provision of this Order, defendants agree that the facts as alleged in the complaint shall be taken as true in any subsequent litigation filed by the Commission to enforce this Order, including but not limited to a non-dischargeability complaint in any subsequent bankruptcy proceeding.

# REAFFIRMATION OF FINANCIAL STATEMENT AND ACKNOWLEDGMENT OF RECEIPT OF FINAL ORDER

XIII.  IT IS FURTHER ORDERED that, within five business days from the date of entry of this Order, each defendant shall submit to the Commission a truthful sworn statement in a form substantially similar in language to Attachment A that shall acknowledge receipt of this Order and reaffirm and attest to the truth, accuracy and completeness of that defendant's financial statements previously submitted to the Commission.

# RIGHT TO REOPEN

XIV.  IT IS FURTHER ORDERED that the Commission's agreement to this Order is expressly premised upon the truthfulness, accuracy, and completeness of defendants' financial condition as represented in each of the defendants' financial statements previously submitted to the Commission, which contain material information relied upon by the Commission in negotiating and agreeing to the terms of this Order.  If the Commission has reason to believe that any of the above-referenced financial statements failed to disclose any material asset, materially misrepresented the value of any asset, or made any other material misrepresentation or omission, the Commission may request that this Order be reopened for the sole purpose of allowing the Commission to modify the monetary liability of the defendant who submitted the financial statement.  If the Court finds that such defendant failed to disclose any material asset, materially misrepresented the value of any asset, or made any other material misrepresentation or omission in the above-referenced financial statement, the Court shall enter judgment against that defendant, in favor of the Commission, in the amount of one million dollars ($1,000,000), less the amount the defendants have already paid to the Commission under Paragraph V of this Order; *provided*, however, that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court and that such defendant has no right to contest any of the allegations in the Commission's complaint in this matter in any proceedings brought pursuant to this Paragraph.

## RETENTION OF JURISDICTION

XV. IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

## ENTRY OF THIS JUDGMENT

XVI. IT IS FURTHER ORDERED that there is no just reason for delay of entry of this judgment, and that, pursuant to Fed. R. Civ. P. 54(b), the Clerk shall enter this Order immediately.

STIPULATED AND AGREED TO:

_Jerome M. Steiner Jr. /pp_
Gregg Shapiro
Jerome M. Steiner, Jr.
Federal Trade Commission
Blaine T. Welsh
Assistant United States Attorney

Attorneys for Plaintiff
Federal Trade Commission

_/s/ John Spilotro_
John Spilotro
Spilotro & Kulla
Attorney for Defendant John Iavarone

_/s/ Glen Burke_
Glen Burke, Defendant

_/s/ Lonnie Paulus_
Aztec Escrow, Inc., by Lonnie Paulus aka
Lonnie Little, President

**IT IS SO ORDERED.**

Dated: _Sept 30_, 1998

_/s/ John Iavarone_
John Iavarone, Individually and as
President of Defendant High Voltage
Pictures, Inc., and Defendant High
Voltage Entertainment, Inc.

_/s/ Scott Cantor_
Scott Cantor
Graziadei & Cantor
Attorney for Defendants Glen Burke,
Ignacio Jimenez, and Kevin Roy

_/s/ Ignacio Jimenez_
Ignacio Jimenez, Defendant

_/s/ Kevin Roy_
Kevin Roy, Individually and as President
of Defendant J.J. Dayton Associates, Inc.

_/s/ Philip M. Pro_
The Honorable Philip M. Pro
United States District Judge

# ATTACHMENT A

1.	My name is _____. I am a citizen of the United States and am over the age of 18. I reside in _____. I have knowledge of the matters discussed in this declaration.

2.	I am a defendant in <u>FTC v. Dayton Family Productions, Inc. et al.</u>, CV-S-97-750-PMP (RLH) (U.S. District Court, District of Nevada).

3.	I have received a copy of the Stipulated Final Order for Permanent Injunction and Settlement of Claims for Monetary Relief entered against me in <u>FTC v. Dayton Family Productions, Inc., et al.</u>

4.	The information contained in the Financial Statement executed by me on _____, and previously provided to the Federal Trade Commission, was true, accurate, and complete on _____.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: _____          _____

Stipulated Order