JEROME M. STEINER, JR.
Federal Trade Commission
901 Market St., Ste. 570
San Francisco, CA 94103
(415) 356-5270

BLAINE T. WELSH
Assistant United States Attorney
701 E. Bridger Ave., Ste. 800
Las Vegas, NV 89101
(702) 388-6336

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | CV-S-97-00750-PMP (LRL) |
| Plaintiff, | |
| v. | |
| DAYTON FAMILY PRODUCTIONS, INC., et al., | |
| Defendants. | |

[proposed] JUDGMENT BY DEFAULT AND PERMANENT INJUNCTION AGAINST DEFENDANTS AMERICAN FAMILY PRODUCTIONS, INC., DAYTON FAMILY PRODUCTIONS, INC., AND ICON MANAGEMENT SERVICES, INC.

Plaintiff, the Federal Trade Commission ("Commission"), commenced this action by filing its complaint seeking an injunction and other relief against various defendants, including defendant Dayton Family Productions, Inc., ("DFP") in connection with the operation of an allegedly fraudulent telemarketing business that promoted investments in films produced and/or directed by Lyman Dayton. On July 3, 1997, the Commission filed a first amended complaint that named additional parties, including American Productions, Inc.("AFP") and Icon Management Services, Inc. ("Icon"). The amended complaint alleges that the defendants engaged

Judgment by Default                                                                                              Page 1

in unfair or deceptive acts or practices in violation of Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45, and seeks a permanent injunction and monetary relief pursuant to Section 13(b) of the FTC Act. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, default was entered against defendants DFP, AFP, and Icon on September 29, 1998. The Commission now has moved this Court for entry of a judgment by default and permanent injunction against defendants AFP, DFP and Icon, pursuant to Rule 54(b) and 55(b)(2) of the Federal Rules of Civil Procedure. Having considered the memoranda and exhibits filed in support of this motion, and all other pleadings and files in this action, and now being fully advised in the premises, the Court finds:

1. This is an action by the Commission instituted under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§ 45 and 53(b). The amended complaint seeks both permanent injunctive relief and consumer redress for alleged unfair or deceptive acts or practices by the defendants in connection with the telephonic solicitations of investments for films.

2. The Commission has the authority under Section 13(b) of the FTC Act to seek the relief it has requested.

3. This Court has jurisdiction over the subject matter of this case and has jurisdiction over defendants AFP, DFP and Icon. Venue in the District of Nevada is proper, and the amended complaint states a claim upon which relief may be granted against defendants AFP, DFP and Icon under Sections 5 and 13(b) of the FTC Act.

4. The activities of defendants AFP, DFP and Icon are in or affecting commerce, as defined in 15 U.S.C. § 44.

5. Defendants AFP, DFP, and Icon have failed to answer the amended complaint or otherwise defend themselves in this action. Accordingly, defendants AFP, DFP, and Icon are in default.

6. It is proper in this case to issue a permanent injunction prohibiting defendants AFP, DFP, and Icon from engaging in telemarketing of goods, services, or investments, to

Judgment by Default　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

prohibit them from making misrepresentations in connection with the advertising, promotion, marketing or sale of products, services or investments of any kind, and to provide for monitoring by the Commission of compliance with such a permanent injunction by defendant AFP, DFP and Icon..

7. Entry of this Order is in the public interest.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

**Definitions**

For purposes of this Order, the following definitions shall apply:

A. "Telemarketing" shall mean any business activity (whether or not covered by the TSR and including, but not limited to, initiating or receiving telephone calls, managing others who initiate or receive telephone calls, operating an enterprise that initiates or receives telephone calls, owning an enterprise that initiates or receives telephone calls, or otherwise participating as an officer, director, employee or independent contractor in an enterprise that initiates or receives telephone calls) that involves attempts to induce consumers to purchase any item, good, service, partnership interest, trust interest or other beneficial interest, to make a charitable contribution, or to enter a contest for a prize, by means of telephone sales presentations, either exclusively or in conjunction with the use of other forms of marketing. *Provided* that the term "telemarketing" shall not include transactions that are not completed until after a face-to-face contact between the seller or solicitor and the consumers solicited.

B. "Assisting others engaged in telemarketing" means knowingly providing any of the following goods or services to any person or entity engaged in telemarketing: (1) performing customer service functions for an entity engaged in telemarketing, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material for an entity engaged in telemarketing; (3) providing names of, or assisting in the generation of, potential customers for an entity engaged in telemarketing; or (4) performing marketing services

Judgment by Default                                                                                                   Page 3

of any kind for an entity engaged in telemarketing.

C. Unless otherwise indicated, the term "these defendants" or "defendants" refers to and includes the following entities: American Family Productions, Inc., Dayton Family Productions, Inc., and Icon Management Services, Inc.

I. **PROHIBITED BUSINESS PRACTICES**

IT IS HEREBY ORDERED that these defendants and their agents, employees, officers, and servants, and all other persons or entities in active concert or participation with them who receive actual notice of this order by personal service or otherwise, in connection with the advertising, promotion, offer for sale, or sale of any item, product, good, service, or investment interest of any kind, including but not limited to investments in films, are hereby restrained and enjoined from:

    A. Misrepresenting, directly or by implication:
        1. the returns, revenues, or profits that any film has generated for investors;
        2. the performance (including gross revenues generated and box office receipts) of any film;
        3. the awards received by any film or by any person who has worked on or been associated with a film;
        4. the likely profits to be made through any investment involving films or any other investment;
        5. the amount of money or other capital that will be raised for any investment involving films or any other investment;
        6. the purposes for which funds raised from consumers will be used;
        7. the costs associated with the advertising, promotion, offer for sale, or sale of any item, product, good, service, or investment, including but not limited to any investment involving films;
        8. the risk, liquidity, market value, resale value, or expected income or profit

|   |   |   |
|---|---|---|
| 1 |   | associated with any item, product, good, service, or investment, including |
| 2 |   | but not limited to any investment involving films; |
| 3 | B. | Misrepresenting, in any manner, directly or by implication, or failing to disclose |
| 4 |   | any fact material to a consumer's decision to purchase any item, product, good, |
| 5 |   | service, or investment, including but not limited to any investment involving |
| 6 |   | films; |
| 7 | C. | Assisting others in violating any provision in Subsections A and B of this |
| 8 |   | Paragraph; |
| 9 | D. | Violating or assisting others to violate any provision of the Telemarketing Sales |
| 10 |   | Rule, 16 C.F.R. Part 310, including but not limited to: misrepresenting, directly or |
| 11 |   | by implication "[a]ny material aspect of an investment opportunity including, but |
| 12 |   | not limited to, risk, liquidity, earnings potential, or profitability." 16 C.F.R. |
| 13 |   | § 310.3(a)(2)(vi). |

## II. BAN ON TELEMARKETING

IT IS FURTHER ORDERED that defendants American Family Products, Inc., Dayton Family Productions, Inc., and Icon Management Services, Inc. are hereby permanently restrained and enjoined from either (1) engaging in telemarketing; or (2) assisting others in telemarketing.

## III. LISTS

IT IS FURTHER ORDERED that defendants and their officers, agents, servants, and employees, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who paid any money to any defendant, at any time prior to entry of this Order, in connection with investments involving films. *Provided* that defendants may disclose such identifying information with the express written consent of the person whose

information is disclosed, to a law enforcement agency, or as required by any law, regulation, or court order.

## IV. ORDER DISTRIBUTION

IT IS FURTHER ORDERED that, for a period of three years from the date of entry of this Order, defendants shall:

    A.    Provide a copy of this Order to, and obtain a signed and dated acknowledgment of receipt of same from, each officer or director, each individual serving in a management capacity, all personnel involved in responding to consumer complaints or inquiries, and all sales personnel, whether designated as employees, consultants, independent contractors or otherwise, immediately upon employing or retaining any such persons, for any business where the business engages in, or assists others engaged in, telemarketing or the sale of investments; and

    B.    Maintain for a period of three (3) years after creation, and upon reasonable notice, make available to representatives of the Commission, the original signed and dated acknowledgments of the receipt of copies of this Order, as required in Subpart A of this Paragraph.

## V. RECORD KEEPING PROVISIONS

IT IS FURTHER ORDERED that, for a period of three years from the date of entry of this Order, defendants and their officers, agents, servants, and employees, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, in connection with any business where the business engages in, or assists others engaged in, telemarketing or the sale of investments, are hereby restrained and enjoined from:

    A.    Failing to create, and from failing to retain for a period of three (3) years following the date of such creation, unless otherwise specified:

        1.    Books, records, and accounts that, in reasonable detail, accurately and

fairly reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

2. Records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable. The business subject to this paragraph shall retain such records for any terminated employee for a period of two (2) years following the date of termination;

3. Records containing the names, addresses, phone numbers, dollar amounts paid, quantity of goods, services or investments purchased, and a description of items, services, or investments purchased for all consumers to whom such business has sold, invoiced or shipped any good, service, or investment;

4. Records that reflect, for every consumer complaint or refund request, whether received directly or indirectly or through any third party;

   a. the consumer's name, address, telephone number and the dollar amount paid by the consumer;
   b. the written complaint or refund request, if any, and the date of the complaint or refund request;
   c. the basis of the complaint, including the name of any salesperson complained against, and the nature and result of any investigation conducted concerning any complaint;
   d. each response and the date of the response;
   e. any final resolution and the date of the resolution; and
   f. in the event of a denial of a refund request, the reason for the

denial; and

5. Copies of all sales scripts, training materials, advertisements, or other marketing materials utilized; *provided* that copies of all sales scripts, training materials, advertisements, or other marketing materials utilized shall be retained for three (3) years after the last date of dissemination of any such materials.

B. Destroying, throwing away, mutilating, changing, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any books, records, tapes, discs, accounting data, checks (fronts and backs), correspondence, forms, advertisements, brochures, manuals, electronically stored data, banking records, consumer lists, files, invoices, telephone records, ledgers, payroll records, or other business or financial documents of any kind, including information stored in computer-maintained form, in the possession, custody, or control of defendant or any other person or entity in active concert or participation with defendant.

## VI. COMPLIANCE REPORTING BY DEFENDANTS

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of three years from the date of entry of this Order, each defendant shall notify the Commission in writing within 30 days of any proposed change in the structure of defendant's business, such as creation, incorporation, dissolution, assignment, sale, merger, creation, dissolution of subsidiaries, proposed filing of bankruptcy petition, or change in the corporate name or address, or any change that may affect compliance obligations arising out of this Order, thirty (30) days prior to the effective date of any proposed change; *provided*, however, that, with respect to any proposed change in the business about which the defendant learns

less than thirty (30) days prior to the date such action is to take place, the defendant shall notify the Commission as soon as is practicable after learning of such proposed change;

B. One hundred eighty (180) days after the date of entry of this Order, each defendant shall provide a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which the defendant has complied and is complying with this Order. This report shall include but not be limited to:

  1. The defendant's then current address and telephone number;
  2. A copy of each acknowledgment of receipt of this Order obtained by each defendant pursuant to Paragraph VII of this Order;
  3. A statement describing the manner in which the defendant has complied and is complying with Paragraphs I through VIII of this Order; and

C. Upon written request by a representative of the Commission, defendants shall submit additional written reports (under oath, if requested) and produce documents on fifteen (15) days' notice with respect to any conduct subject to this Order;

D. For the purposes of this Order, defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to:

Federal Trade Commission
Enforcement Division
600 Pennsylvania Ave, NW
Washington, D.C. 20580
Re:     <u>FTC v. Dayton Family Productions</u>

VII.    **COMMISSION'S AUTHORITY TO MONITOR COMPLIANCE**

IT IS FURTHER ORDERED that the Commission is authorized to monitor defendants' compliance with this Order by all lawful means, including but not limited to the following

means:

    A.    The Commission is authorized, without further leave of court, to obtain discovery from any person in the manner provided by Chapter V of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 26 - 37, including the use of compulsory process pursuant to Fed. R. Civ. P. 45, for the purpose of monitoring and investigating defendants' compliance with any provision of this Order;

    B.    The Commission is authorized to use representatives posing as consumers and suppliers to defendants, defendants' employees, or any other entity managed or controlled in whole or in part by defendants, without the necessity of identification or prior notice;

    C.    Nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to investigate whether any defendant has violated any provision of this Order or Section 5 of the FTC Act, 15 U.S.C. § 45.

## VIII. ACCESS TO BUSINESS PREMISES

IT IS FURTHER ORDERED that, for a period of three years from the date of entry of this Order, for the purpose of further determining compliance with this Order, each defendant shall permit representatives of the Commission, within three (3) business days of receipt of written notice from the Commission:

    A.    Access during normal business hours to any office, or facility storing documents, of any business where any of these defendant is the majority owner of the business or directly or indirectly manages or controls the business, and where the business is engaged in telemarketing or the sale of investments, or assisting others engaged in said activities. In providing such access, defendants shall permit representatives of the Commission to inspect and copy all documents relevant to any matter contained in this Order; and shall permit Commission representatives

to remove documents relevant to any matter contained in this Order for a period
    not to exceed five (5) business days so that the documents may be inspected,
    inventoried, and copied; and

B.  To interview the officers, directors, and employees, including all personnel
    involved in responding to consumer complaints or inquiries, and all sales
    personnel, whether designated as employees, consultants, independent contractors
    or otherwise, of any business to which Subsection A of this Paragraph applies,
    concerning matters relating to compliance with the terms of this Order. The
    person interviewed may have counsel present.

*Provided* that, upon application of the Commission and for good cause shown, the Court may enter an *ex parte* order granting immediate access to defendants' business premises for the purposes of inspecting and copying all documents relevant to any matter contained in this Order.

IX.                     **SUBSEQUENT PROCEEDINGS**

Notwithstanding any other provision of this Order, defendants agree that the facts as alleged in the complaint shall be taken as true in any subsequent litigation filed by the Commission to enforce this Order, including but not limited to a non-dischargeability complaint in any subsequent bankruptcy proceeding.

X.                      **RETENTION OF JURISDICTION**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

//
//
//
//
//
//

Judgment by Default                                                        Page 11

## XI. ENTRY OF THIS JUDGMENT

IT IS FURTHER ORDERED that there is no just reason for delay of entry of this judgment, and that, pursuant to Fed. R. Civ. P. 54(b), the Clerk shall enter this Order immediately.

IT IS SO ORDERED.

_____
The Honorable Philip M. Pro
United States District Judge

Feb. 1, 1999