SARAH WALDROP
REENAH L. KIM
Federal Trade Commission
600 Pennsylvania Ave. N.W.
Mailstop M-8102B
Washington, DC 20580
Telephone: (202) 326-3444, -2272
Facsimile: (202) 326-2558
Email: swaldrop@ftc.gov, rkim1@ftc.gov

BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Email: Blaine.Welsh@usdoj.gov

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DAYTON FAMILY PRODUCTIONS, INC., *et al.*<br><br>Defendants. | Case No. 2:97-CV-00750-PMP (LRL)<br><br>**FILED UNDER SEAL** |

**FEDERAL TRADE COMMISSION'S *EX PARTE* MOTION
FOR AN ORDER TEMPORARILY SEALING ENTIRE FILE AND DOCKET,
AND MEMORANDUM IN SUPPORT**

Plaintiff Federal Trade Commission ("FTC" or "Commission") respectfully moves for an *ex parte* order temporarily sealing the entire file and docket in this matter ("Seal Order"). Specifically, the FTC requests that the proposed Seal Order temporarily seal the entire docket and file, including the following items which are filed concurrently with this Motion: (1) Federal Trade Commission's *Ex Parte* Motion to Hold Glen Burke and American Health Associates, LLC in Contempt ("Contempt Motion") and Memorandum in Support; (2) Federal Trade Commission's *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction Pending Decision on Its Motion to Hold Glen Burke and American Health Associates, LLC in Contempt ("TRO Motion"), Memorandum in Support, Recommendation for a Receiver, and Proposed Temporary Restraining Order; (3) Motion to Permit Appearance of Government Attorneys ("Appearance Motion"); and (4) all exhibits, certifications, and papers filed in support of the FTC's Contempt Motion and TRO Motion.

The FTC seeks a Seal Order prohibiting the Clerk of the Court from disclosing the Contempt, TRO, and Appearance filings or the title of any document filed in connection therewith. The FTC also requests that the Seal Order prohibit the Clerk of the Court from disclosing that Glen Burke ("Burke") and American Health Associates, LLC ("AHA") have been named as Contempt Defendants in a contempt proceeding commenced by the Commission. In addition, the FTC requests that the Seal Order prohibit the Clerk of the Court from making available to any member of the public or press any document or copy of any document filed in connection with the Contempt, TRO, and Appearance filings. The proposed Seal Order would also prohibit the Clerk of the Court from initiating any electronic filing or docketing activity in this case until the seal has been lifted. The proposed Seal Order would not prohibit the FTC from disclosing to non-parties, such as any temporary receiver appointed by the Court or law enforcement authorities, the existence of, or parties to, this action or any order of this Court, including any temporary restraining order.

The FTC requests that the seal remain in effect until the close of the fifth business day after any temporary restraining order ("TRO") is issued, or until Contempt Defendants have been served with the TRO, whichever occurs first. The FTC will notify the Clerk of the Court in writing in the event that all Contempt Defendants are served prior to the fifth business day following entry of the order to seal.

As explained below, the proposed Seal Order is necessary to prevent immediate and irreparable harm to the Court's ability to grant full and effective final relief in this matter. Moreover, immediate disclosure would not be in the public interest.

## MEMORANDUM

The FTC is moving for an *ex parte* TRO providing an asset freeze, the appointment of a temporary receiver, and expedited discovery, including immediate access to Contempt Defendants' business premises. As explained more fully in the FTC's memorandum accompanying the TRO Motion and materials filed in support, given Burke's ongoing recidivism and various measures he has taken to evade detection, there is a serious risk Contempt Defendants will move quickly to destroy records and conceal or dissipate assets if they receive notice of the FTC's motions. Proceeding *ex parte* is therefore essential to protect the Court's ability to grant effective final relief, including compensation to consumers injured by Contempt Defendants' conduct. *See* Fed. R. Civ. P. 65(b)(1)(A) (*ex parte* relief is warranted when specific facts show that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"); *see also Reno Air Racing Assoc., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006); *In re Vuitton Et Fils S.A.*, 606 F.2d 1, 5 (2d Cir. 1979); *Cenergy Corp. v. Bryson Oil & Gas P.L.C.*, 657 F. Supp. 867, 870 (D. Nev. 1987) (*ex parte* TRO warranted where notice would only serve to "defeat the very purpose for the TRO").

The proposed Seal Order is narrowly tailored to its express purpose of protecting the potential availability of full and effective final relief. Sealing the entire docket is necessary to minimize the risk of Contempt Defendants' receiving advance notice. If any of the materials

filed in connection with FTC's Contempt and TRO Motions or the Appearance Motion were docketed as matters of public record, there is a substantial likelihood that Contempt Defendants would learn of this contempt action before the requested *ex parte* TRO is issued and served on them. With such advance notice, Contempt Defendants may well dissipate or conceal assets, and destroy or conceal business records – thereby frustrating the Court's ability to grant effective monetary relief for the victims of Contempt Defendants' unlawful practices. The Certification of Plaintiff's Counsel Sarah Waldrop, together with the FTC's Contempt and TRO filings, explain why, given the circumstances of this case, it is particularly crucial that the entire docket and file be sealed until the Commission has had an opportunity to execute the provisions of the TRO and serve Contempt Defendants with the TRO. Indeed, many courts in this District have granted similar relief in FTC enforcement cases. *See, e.g., FTC v. Moneymaker*, No. 2:11-cv-00461-JCM (CWH) (D. Nev. Mar. 28, 2011) (granting application to seal entire docket pending service on defendants); *FTC v. Ivy Capital, Inc. et al.*, No. 2:11-cv-00283-JCM (GWF) (D. Nev. Feb. 22, 2011) (same); *FTC v. Grant Connect, LLC et al.*, No. 2:09-cv-01349-PMP (NJK) (D. Nev. July 28, 2009) (same); *FTC v. Infusion Media, Inc. et al.*, No. 2:09-cv-01112-GMN (VCF) (D. Nev. June 23, 2009) (same); *FTC v. ERG Ventures, LLC*, No. 3:06-cv-00578-HDM (VPC) (D. Nev. Oct. 31, 2006) (same); *FTC v. Global Net Solutions, Inc.*, No. 2:05-cv-0002-PMP (LRL) (D. Nev. Jan. 3, 2005) (same).

For the foregoing reasons, the Commission respectfully requests that this Court direct the Clerk of the Court to maintain all of the filings and docket in this matter under seal for five business days, or until the FTC notifies the Clerk that the seal is no longer necessary, whichever occurs first.

If the Court denies this Motion, the Commission respectfully requests that this *ex parte* Motion for An Order Temporarily Sealing Entire File And Docket, as well as all other documents filed concurrently by the FTC in this action, be returned to the FTC's counsel without filing.

3

Dated: January 28, 2013

Respectfully submitted,

*[signature]*

SARAH WALDROP
swaldrop@ftc.gov, (202) 326-3444
REENAH L. KIM
Reenah L. Kim
rkim1@ftc.gov, (202) 326-2272
600 Pennsylvania Avenue NW, M-8102B
Washington, DC 20580

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DAYTON FAMILY PRODUCTIONS, INC.,<br>*et al.*<br>Defendants. | Case No. 2:97-CV-00750-PMP (LRL)<br><br><br>FILED UNDER SEAL |

**PROPOSED *EX PARTE* ORDER**
**TEMPORARILY SEALING ENTIRE FILE AND DOCKET**

AND NOW, upon due consideration of the Federal Trade Commission's *Ex Parte* Motion for An Order Temporarily Sealing Entire File And Docket and Memorandum in Support, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that the entire file and docket in this action be sealed, and that all documents submitted in this matter be filed under seal, including: (1) Federal Trade Commission's *Ex Parte* Motion to Hold Glen Burke and American Health Associates, LLC in Contempt ("Contempt Motion") and Memorandum in Support; (2) Federal Trade Commission's *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction Pending Decision on Its *Ex Parte* Motion to Hold Glen Burke and American Health Associates, LLC in Contempt ("TRO Motion"), Memorandum in Support, Recommendation for a Receiver, and Proposed Temporary Restraining Order; (3) Motion to Permit Appearance of Government Attorneys ("Appearance Motion"); and (4) all exhibits, certifications, and papers filed in support of the FTC's Contempt Motion and TRO Motion.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall not initiate any electronic filing or docketing activity in this matter until the seal has been lifted as described below.

**IT IS FURTHER ORDERED** that this seal does not preclude the Clerk of the Court from providing counsel for the Federal Trade Commission ("FTC") with copies of any orders issued by the Court while the seal remains in effect, and this Order shall not be construed to prohibit the FTC from providing this Order, a temporary restraining order, or other pleadings and papers filed in this action to Glen Burke or American Health Associates, LLC (collectively, "Contempt Defendants"), any receiver appointed in this action, process servers, law enforcement authorities, credit reporting agencies, financial institutions or other persons who may hold assets of Contempt Defendants, custodians of business records of Contempt Defendants, consumer victims, or potential witnesses for a possible preliminary injunction hearing.

**IT IS FURTHER ORDERED** that, unless otherwise ordered or provided, this seal shall dissolve the earlier of: (a) five (5) business days from the signing and entry of this Order; or (b) upon the Clerk's receipt of written notice from the FTC that service of a temporary restraining order or other interim order has been made upon all Contempt Defendants or that there is no further need to keep the materials under seal.

**IT IS FURTHER ORDERED** that persons who receive notice of this action and this Order before the seal is lifted shall not disclose the existence of this action, this Order, or the terms of any order entered by this Court, except to the extent necessary to implement any temporary restraining order that the Court may enter.

**IT IS SO ORDERED** this 28th day of January, 2013.

_____
UNITED STATES DISTRICT JUDGE

2