UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | 2:97-CV-00750-PMP-VCF |
| Plaintiff, | ) ) ) | **ORDER ON MOTION FOR CLARIFICATION** |
| vs. | ) ) | |
| DAYTON FAMILY PRODUCTIONS, INC., *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on the Motion of Plaintiff Federal Trade Commission to Clarify the Court's Contempt Order (Doc. #203) and Request for Indicative Ruling (Doc. #210). The Court's Contempt Order (Doc. #203) that, "Based upon the declarations and evidence adduced in the various motions and arguments of counsel presented, the Court finds that Defendants Burke and American Health Associates, LLC, have violated and are in contempt of this Court's Stipulated Final Order for Permanent Injunction (Doc. #122) entered October 1, 1998." As a result, the Court ordered that Defendant Burke is liable for contempt sanctions in the amount of $20,174,740.36, and that Defendant American Health Associates, LLC, was jointly and severely liable for $2,785,508.36 of that total.

By its Motion to Clarify (Doc. #210) Plaintiff FTC seeks further explanation from the Court regarding its reasons for holding Defendant Burke in contempt and entering

sanctions. The FTC's motion does not appear to extend to Defendant American Health Associates, LLC ("AHA"), which did not appear and did not oppose the FTC's original motion for contempt, thereby consenting to adverse judgment.

The Court has again reviewed the record of these proceedings, including the written arguments of the Parties and the record of proceedings conducted on September 5, 2013. Based upon that record, the Court hereby enters the following findings in support of its Contempt Order (Doc. 203):

On September 30, 1998, the Court entered a Permanent Injunction (Doc. #122) against Defendants Glen Burke and several others. Thereafter, Defendant Burke stipulated to the entry of the Permanent Injunction. Among other things, the Permanent Injunction imposed a ban on Defendant Burke from further telemarketing, and prohibited him from misrepresenting any material facts relating to a consumer's decision to buy a good or service. Related proceedings in connection with this action continued through February 1999, following which the action became dormant for approximately fourteen (14) years.

On January 28, 2013, Plaintiff FTC resurrected the action by filing Motions for Temporary Restraining Order and Preliminary Injunction (Doc. ##129 & 130). Those motions were accompanied by FTC's First Motion to Hold Defendant Burke and AHA in Contempt (Doc. #131).

On January 28, 2013, the Court entered a Temporary Restraining Order (Doc. #133) and also granted Plaintiff's Motion for Preliminary Injunction on March 5, 2013 (Doc. #173). In the interim, on March 1, 2013, Plaintiff FTC filed a Second Motion to Hold Glen Burke in Contempt (Doc. #169). Following full briefing, a hearing was conducted on September 5, 2013 on both Motions for Contempt, resulting in this Court's Order Re: Contempt (Doc. #203) filed September 27, 2013.

Based upon the record adduced, the Court finds that although Defendant Burke portrays himself as merely a provider of consulting services, business premises, bank accounts,

and financial advice, the record clearly establishes that Burke's consulting and services were an integral part of continuing telemarketing schemes carried out by others in conjunction with Defendant Burke. As part of the telemarketing scheme, consumers were subjected to material misrepresentations to induce them to purchase merchandise with an expectation that they would receive prizes of considerable value, such as automobiles, boats, cash or cruises, when in fact they would receive relatively inexpensive prizes as winners of a "contest" the consumers had not even entered.

The evidence presented by Plaintiff FTC in support of its Motions for Contempt in the form of uncontroverted affidavits and deposition testimony, emails, and other documents, demonstrate that a renewed telemarketing scheme began early in 2010 on business premises provided by Defendant Burke and did not end until late January 2013 when the Court entered the Temporary Restraining Order in this case. Defendant Burke played an essential role in setting up the telemarketing rooms and the equipment utilized for telemarketing activities, he provided and managed market accounts, and purchased the relatively inexpensive bracelets, watches and art prints that were given to consumers in lieu of the more valuable automobiles and boats and other valuable prizes they had been led to believe by telemarketer misrepresentations they would receive. The record further reveals that Burke monitored the finances of AHS and also provided consulting services to others engaged in the telemarketing scheme regarding the content of telemarketing scripts and flyers.

At his deposition in this case, Defendant Burke invoked the Fifth Amendment in response to questions relevant to Plaintiff's Motions for Injunctive Relief and to hold him in Contempt. The Court finds that Defendant Burkes' invocation of his privilege against self incrimination under the Fifth Amendment to the Untied States Constitution in connection with these proceedings warrants an adverse inference which support the Court's conclusion that Burke was actively engaged in overseeing the telemarketing activities conducted by all involved with AHA.

Finally, the evidence presented by Plaintiff FTC in support of the monetary amounts sought as a compensatory contempt sanction is uncontroverted and warrants the award of the sums outlined in this Court's Order re Contempt (Doc. #203) entered September 27, 2013.

**IT IS THEREFORE ORDERED** that for the reasons stated above, the Court hereby reaffirms its Order re Contempt (Doc. #203) of September 27, 2013.

DATED: July 28, 2014.

PHILIP M. PRO
United States District Judge