JOHN V. SPILOTRO, ESQ. SBN 4134
Nevada Bar No. 4134
THE LAW OFFICES OF
JOHN V. SPILOTRO, ESQ., P.C.
626 South Third Street
Las Vegas, Nevada  89101
Telephone 702-385-4994
Facsimile 702-385-5125
lisa@spilotroandkulla.com
Attorneys for Defendant
GLEN BURKE

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION )<br>)<br>     Plaintiff, )<br>)<br>vs. )<br>)<br>DAYTON FAMILY PRODUCTIONS, INC., )<br>et. al., )<br>)<br>     Defendant. )<br>_____ ) | Case No.: 2:97-cv-00750-PMP |

**DEFENDANT BURKE'S RESPONSE TO THE FEDERAL TRADE COMMISSION'S MOTION FOR ENTRY OF**
<u>**FINDINGS OF FACT AND CONCLUSIONS OF LAW(DKT222)**</u>

COMES NOW, the Defendant GLEN BURKE, by and through his counsel of record, JOHN V. SPILOTRO, ESQ. of The Law Offices of John V. Spilotro, Esq. and hereby files this opposition to the Motion for Entry of Findings of Fact and Conclusions of Law.

1

This Opposition is made and based upon the pleadings on file herein, the attached Exhibits and the argument of counsel and any other such evidence this Court may require.

DATED this 10 day of September, 2015

                                                THE LAW OFFICE OF
                                                JOHN V. SPILOTRO, ESQ., P.C.

                                                /s/ John V. Spilotro_____
                                                JOHN V. SPILOTRO, ESQ.
                                                Nevada Bar No. 4134
                                                626 South Third Street
                                                Las Vegas, Nevada  89101
                                                Attorney for Defendant
                                                GLEN BURKE

## MEMORANDUM OF POINTS AND AUTHORITIES

### PROCEDURAL HISTORY

The underlying issues in the instant motion arise from a case that originated on June 20, 1997, alleging that several Defendants, including Mr. Burke engaged in unfair or deceptive trade practices in violation of §5 of the Federal Trade Commission Act 15 U.S.C. §345 and of the Telemarketing Sales Rule 16 C.F.R. Pt. 310. On October 1, 1998, the parties, including Mr. Burke, entered into a Stipulated Final Order for Permanent Injunction and Settlement of Claims for Monetary Relief Against Defendants. (Dkt 122). After the Entry of Judgment and Permanent Injunction against both Mr. Burke, this case was dormant for approximately fourteen (14) years.

On January 28, 2013, the Federal Trade Commission brought the case back to life by filing a Motion for Temporary Restraining Order and Preliminary Injunction against Mr. Burke and a new party, American Health Associates, LLC. Simultaneously with this Motion, the Federal Trade

Commission filed a Motion to Hold Glen Burke and American Health Associates, LLC in contempt. The basis for the filings by the Federal Trade Commission alleged that Mr. Burke continued to use the company, American Health Associates, LLC, to deceptively telemarket a purported prize promotion, in violation of the Court's Final Order for Permanent Injunction and Settlement of All Claims. Mr. Burke filed a Limited Opposition to Motion For Preliminary Injunction. The Federal Trade Commission then filed a second Motion for Contempt, setting forth additional allegations that Mr. Burke was participating in a mail fraud/sweepstakes scheme in violation of the Permanent Injunction. Mr. Burke filed an Opposition to the Federal Trade Commission's first and second Motions for Contempt.

A hearing was held on September 5, 2013.[1] The Court issued an Order on September 27, 2013, and the Clerk's Judgment was entered on the same date. The September 2013 Order held Mr. Burke in contempt and ordered restitution in the amount of $20,174,740.36. The September 27, 2013, Order was the basis for an appeal to the Ninth Circuit. A stay was granted in the Ninth Circuit and a Motion for Clarification was filed in this Court to clarify the order issued on September 27, 2013. The Court issued an order on the Motion for Clarification on July 28, 2014. In that July 2014 Order, the Court set forth findings of facts and conclusions of law as to the telemarketing scheme. The Order was silent as to the mail/fraud sweepstakes scheme, but did affirm the restitution amount of $17,389,232.00 in the mail/fraud sweepstakes scheme.

---

[1] American Health Associates, LLC was not present at the hearing, nor did they respond to any of the previously filed motions.

[2] During the time of the purported schemes, Mr. Burke was diagnosed with cancer and began receiving very aggressive cancer treatment. These treatments regularly caused him to suffer from harsh side effects and he was often physically [1] American Health Associates, LLC was not present at the hearing, nor did they respond to any of the previously filed motions.

[3] In the Order on Mandate, this Court shows the Caption of this Case as Federal Trade Commission vs. Glen

3

On June 11, 2015, the Ninth Circuit issued a Memorandum on the filed briefings. The Ninth Circuit reversed the portion of the order finding Mr. Burke in Contempt for his participation in the sweepstakes operation and sanctioning him in the amount of $17,389,232.00 and further remanded the case for proceedings consistent with the issued Memorandum. (9th Cir. Dkt. 46-1 at 4). Following the Mandate of the Ninth Circuit, an Order on Mandate was issued by this Court on August 18, 2015 in which Mr. Burke was held liable and ordered to pay contempt sanctions in the amount of $2,785,508.36) and further ordering that Defendant American Health Associates, LLC be jointly and severally liable for the sanctions ordered. (Dkt 220). A Clerks Judgment was entered on the same day. (Dkt 221).

On or about August 27, 2015, the FTC filed the underlying Motion for Entry of Findings of Fact and Conclusions of Law in which the FTC included a proposed Findings of Fact and Conclusions of Law. (Dkt 222). The FTC throughout this motion and in previously filed motions continues to claim that there is "uncontroverted evidence" which supports their misguided position that Mr. Burke was a principal in the mail fraud/sweepstakes scheme. It is clear that the FTC's "uncontroverted evidence" arises from the carefully selected self-serving facts that have been presented to the Court. However, it is clear from the record that evidence was presented by Mr. Burke, by way of the Affidavits, Declarations and deposition testimony of witnesses including Errol Seales, Inger Kiss, and Lindsay Reid which belies Mr. Burke's contemptuous participation in the mail fraud/sweepstakes scheme. Mr. Burke has repeatedly maintained that at no point during this alleged scheme did he act in any way contrary to the Permanent Injunction Order. (Dkt 122).

In the pleadings filed by Mr. Burke and again at the September 2013 hearing, he continuously set forth that he had no dominion or control over the mail pieces that were created at the direction of

Panama Total Marketing. It was further presented, that Mr. Seales was the person who directed Panama Total Marketing to create the mail pieces that were utilized in this purported scheme. (Dkt 188-3 at ¶1- 2). Further, the Affidavit of Glenda Zimmer and the deposition testimony of Lindsay Reid was presented which both stated that a rogue employee, Katrinka Willard, went on a spree of her own doing sweepstakes mailers and utilized Mr. Burke's accounts, his name, his facilities, and other instrumentalities, to conduct her own mail sweepstakes business. Mr. Burke had no knowledge of Ms. Willard's unauthorized actions until he noticed unusual activity occurring in his merchant account. Mr. Burke certainly had no dominion or control over the actions of Ms. Willard who was acting independently.  (Dkt 188-1 at ¶ 3-5) (Dkt 188-2 at pg. 82 lines 7-17 and pg. 106 lines 2-11). The deposition testimony of Inger Kiss was presented which supported that even if there were a problem with the mailers, this was not at the direction of Mr. Burke. Mr. Burke had no responsibility in the creation of the sweepstakes or ensuring that awards were given. The mailers were created by third party copywriters and vetted by attorneys. Mr. Burke, through Merchants Depot, worked as a consultant to various sweepstakes mailers, using his business contacts and accounts. Mr. Burke was paid commissions from NPM, the print shop that printed the mailers. This was Merchant Depot's main source of income, commissions from NPM.  (Dkt 188-8 at 33-34.) (Dkt 188-3).

It should be noted by the Court that Mr. Burke was absent from the office in which these purported schemes occurred for large periods of time.[2] Mr. Burke's absences are supported by the Declaration of Richard Kaplan, which indicates that Mr. Burke's computer was used on December 13,

---

[2] During the time of the purported schemes, Mr. Burke was diagnosed with cancer and began receiving very aggressive cancer treatment. These treatments regularly caused him to suffer from harsh side effects and he was often physically ill.

2012, November 27, 2012 and November 19, 2012. (Dkt. 170-20 pg. 3). These dates indicated the most recent uses of Mr. Burke's computer during the time of the alleged telemarketing scheme.

It is clear that despite the FTC'S far reaching claim that there is uncontroverted evidence to support Mr. Burke's participation in the purported mail fraud/sweepstakes scheme, Mr. Burke was not a participant, director, owner, or operator of this alleged scheme. Mr. Burke has not acted in a way that is contrary to the 1998 Order. (Dkt 122). The FTC's proposed Findings of Fact and Conclusions of Law reads like a truncated version of the previously filed Federal Trade Commission's Second Motion to Hold Glen Burke in Contempt and the Federal Trade Commission's Memorandum in Support of Its Second Motion to Hold Glen Burke in Contempt. (Dkt 169 and Dkt 169-1).

## ARGUMENT

Federal Rule of Civil Procedure 52(a)(1) states in pertinent part:

> In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court.

Fed.R.Civ.P. 52(a)(1) (2014). Further, Rule 52(b) allows that upon a timely filed motion by a party, the Court may amend the findings of facts and conclusions of law, make additional findings of facts and conclusions of law and may amend the judgment accordingly. Fed.R.Civ.P. 52(b) (2014). Motions to amend should not be used to relitigate old matters or to raise arguments that could have been raised prior to entry of judgment. *Far Out Productions, Inc. v. Oskar,* 247 F.3d 986, 998 (9th Cir. 2001). Further, motions to amend in accordance with Rule 52(b) should be primarily designed to correct findings of fact which are central to the ultimate decision. *Crane/McNab v. County of Merced*, 773 F.Supp 22 861, 873 (E.D. Cal. 2011). The Rule is not intended to serve as a vehicle for rehearing of previously litigated issues. *Id*.

The underlying motion by the FTC was timely filed and Mr. Burke does not dispute that. However, Mr. Burke does dispute the FTC's proposed findings of facts and conclusions of law. In the underlying case, since January of 2013 there have been three separate orders issued to wit: the initial September 2013 order in which Mr. Burke was held in contempt and ordered to pay $20,174,740.36 in restitution sanctions. (Dkt 203). The July 2014 order only addresses the telemarketing scheme and reaffirms the September 2013 Order. (Dkt 216). Finally the August 2015 Order, which does hold Mr. Burke in contempt for the mail fraud/ sweepstakes scheme, and for a third time upholds the telemarketing contempt and $2,785,508.36 was ordered paid, but the $17,389,232.00 restitution sanction was NOT ordered. (Dkt 220).

The FTC continues to allege that Mr. Burke should be liable for restitution associated with the mail fraud/sweepstakes scheme. The Commission continues to hide behind the statement that "uncontroverted evidence" exists with respect to Mr. Burke's participation and involvement in said scheme. Yet it seems clear, the September 2013 order was void of any findings of fact related to either scheme. When the Ninth Circuit Court Appeal was stayed and clarification of that order was sought, Findings of Fact and Conclusions of Law were **NOT** made as to the alleged mail fraud/sweepstakes scheme. In the August 2015 Order again the telemarketing scheme and restitution associated with that is addressed, but the order is silent as the mail fraud/sweepstakes scheme. The arguments set forth in the underlying motion and the "facts" set forth in the proposed Findings of Facts and conclusions of law, are clearly an attempt by the FTC to re-litigate the issue that was heard in September of 2013. Two separate orders have been issued since that hearing and both have been silent as to the mail fraud/sweepstakes scheme.

This matter was originally heard by a now retired Judge. The September 2013 and the July 2014 Orders were issued by the same Judge who originally heard this matter. This Court has complied with the Mandate from the Ninth Circuit and issued an Order after being fully advised in the premises and said decision was to hold Mr. Burke and American Health Associates, LLC in contempt and liable for $2,785,508.36.(Dkt 220). The Court should be advised that Mr. Burke has argued from the 2013 inception of this case, that the procedurally appropriate avenue for the FTC to avoid the very confusion that has been created was to initiate a new proceeding against the alleged parties in the telemarketing and mail fraud/sweepstakes scheme[3]. Rather, in an attempt to collect a quick victory, the FTC filed against Mr. Burke for violating the 1998 Order (Dkt 122). American Health Associates was not a party at the onset of this case in 1997. By failing, to initiate a new action against Mr. Burke and American Health Associates, the FTC has created confusion. The Commission now seeks to correct the mistake by setting forth a self serving Proposed Findings of Fact and Conclusions that does not comport with the record, and is contrary to the spirit of the most recent order issued by this Court.

///

///

///

///

///

///

---

[3] In the Order on Mandate, this Court shows the Caption of this Case as Federal Trade Commission vs. Glen Burke, dba American Health Associates, LLC. The correct caption should be Federal Trade Commission vs. Dayton Family Productions, Inc. et. al. American Health Associates, LLC is not a Glen Burke company, and further, American Health Associates, LLC was not a party in the originally filed action in 1997.

**CONCLUSION**

Wherefore, defendant Burke prays that this honorable court deny the underlying Motion and order the August 2015 Order to stand.

Respectfully submitted this __10th__ day of September 2015.

                                      Respectfully submitted,

                          By: _/s/ John V. Spilotoro_____
                             JOHN V. SPILOTRO, ESQ.
                             Nevada Bar No. 4134
                             626 South Third Street
                             Las Vegas, Nevada  89101
                             Attorney for Defendant GLEN BURKE

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing Defendant Burke's Opposition To The FTC's Motion For Entry Of Findings Of Fact And Conclusions Of Law on September 10, 2015 by the following means:

Via CM/ECF

| | |
|---|---|
| Sarah Waldrop, Esq. | Blaine T. Welsh, Esq. |
| Reenah L. Kim, Esq. | 333 Las Vegas Boulevard South, Suite 5000 |
| 600 Pennsylvania Ave. N.W. | Las Vegas, Nevada 89101 |
| Mailstop CC-9528 | |
| Washington DC 20580 | |
| *Attorneys for Plaintiff* | |

David R. Zaro, Esq. and Edward G. Fates, Esq.
515 S. Figueroa St.
9th Floor
Los Angeles, CA 90071
*Counsel for Receiver for American Health Associates, LLC.*

/s/ John V. Spilotoro
John V. Spilotro, Esq.