SARAH WALDROP
REENAH L. KIM
Federal Trade Commission
600 Pennsylvania Ave. N.W.
Mailstop CC-9528
Washington, DC 20580
Telephone: (202) 326-3444, -2272
Facsimile: (202) 326-3197
Email: swaldrop@ftc.gov, rkim1@ftc.gov

BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Email: Blaine.Welsh@usdoj.gov

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | ) |
| **Plaintiff,** | ) **Case No. 2:97-CV-00750-GMN** |
| **vs.** | ) |
| **DAYTON FAMILY PRODUCTIONS,** *et al.,* | ) |
| **Defendants.** | ) |

## FEDERAL TRADE COMMISSION'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant Glen Burke provides no valid reason why the Court should not enter the FTC's proposed findings and conclusions.  Instead, Burke urges the Court to commit reversible error by repeating the same mistake that prompted the Ninth Circuit to remand the original District Court decision – failure to detail its findings regarding Burke's direct-mail sweepstakes scheme (the "sweepstakes scheme").  Finding no support in the law or record evidence for his position, Burke instead egregiously misrepresents the record, cites no relevant authority, and fails to identify a genuine dispute regarding any of the FTC's proposed findings.  The Court should therefore enter the FTC's proposed findings to resolve this contempt action.

**For This Court to Decline to Enter Findings on Defendant's Sweepstakes Scheme Would Be Reversible Error.**

Burke's primary argument is that, because the District Court's prior orders were "void of any findings of fact" and "silent as [sic] the mail fraud/sweepstakes scheme," this Court is somehow precluded from entering findings on that subject.  Burke Resp. (Dkt. 223) at 7.  But in fact, the prior District Court's failure to detail its findings regarding the sweepstakes scheme is ***precisely the error*** that prompted the Ninth Circuit to reverse and remand this matter.  9th Cir. Op. (9th Cir. Dkt. 46-1) at 3-4.  Specifically, after the Ninth Circuit found that the prior District Court did not sufficiently support its ruling on the sweepstakes scheme, the appellate court ordered, "***we remand so that the district court can provide findings*** that will facilitate reasoned review of its order." *Id*. (emphasis added).  Burke, therefore, urges this Court to compound the error, and invite another reversal and remand, by declining to enter findings regarding the sweepstakes scheme.

Indeed, Burke cites no authority to support his position that the Court should enter no findings about the sweepstakes scheme.  Instead, he cites only the provision of Rule 52 of the Federal Rules of Civil Procedure that governs motions to amend judgments.  Burke Resp. (Dkt. 223) at 6.  That provision has no application here – where the Ninth Circuit remanded the

1

judgment against Burke for his involvement in the sweepstakes scheme and ***ordered this Court to enter findings*** regarding that scheme.[1]  9th Cir. Op. (9th Cir. Dkt. 46-1) at 3-4.  This Court must, therefore, follow the Ninth Circuit's explicit mandate that the District Court enter findings specific to the sweepstakes scheme.  *See United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995) (district courts must execute mandates received from appellate courts); *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993) (same).

**The FTC's Proposed Findings Are Not Genuinely Disputed.**

The remainder of Burke's arguments constitutes general denials that his participation in the sweepstakes operation violated the Order.  None of these arguments raise a genuine issue of material fact.  Burke provides only sweeping statements in a brief by counsel, which are not evidence, are not supported by specific citations to admissible evidence, and – in several cases – constitute gross misrepresentations of the record.

Where there are no genuine issues of material fact to try, courts need not hold an evidentiary hearing before ruling on a motion for contempt.  *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1324 (9th Cir. 1998) (affirming a contempt ruling based on uncontroverted affidavits); *Thomas, Head & Greisen Emp. Trust v. Buster*, 95 F.3d 1449, 1458-59 (9th Cir. 1996) (affirming a contempt ruling made on the papers where parties' briefings revealed no issue of material fact).  In the analogous Rule 56 summary judgment context, factual disputes require an evidentiary hearing only when the record taken as a whole would allow a reasonable

---

[1] Burke's filing refers to this Court's entry of judgment for $2,785,508.36 to dispose of the telemarketing scheme.  Burke Resp. (Dkt. 223) at 8.  The Court entered that judgment following the Ninth Circuit's decision that the prior Court's ruling on the telemarketing scheme was final.  Burke's argument is unclear, but it appears he believes that this Court's issuance of judgment on the telemarketing scheme acted as a silent, back-door denial of the FTC's motion regarding the sweepstakes scheme.  *See* Burke Resp. (Dkt. 223) at 8.  This position conflates the FTC's two contempt motions and, more importantly, flies in the face of the Ninth Circuit's explicit directive that the District Court enter more detailed reasoning to support the sweepstakes scheme judgment.  9th Cir. Op. (9th Cir. Dkt. 46-1) at 3-4.

2

factfinder to rule for the nonmoving party; a mere "scintilla" of evidence does not create a genuine issue of fact. *Cf. Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-52 (1986); *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009). Furthermore, the "mere existence of *some* alleged factual dispute" is insufficient to require an evidentiary hearing; the disputed facts must be material. *Cf. Anderson*, 477 U.S. at 247-48 (emphasis in original); *see also Thomas*, 95 F.3d at 1459 (applying same principle in contempt proceedings).

Burke never specifically identifies any of the FTC's proposed findings of fact as disputed. Moreover, he cites no record evidence demonstrating such a dispute. Instead, he enlists his counsel to make broad statements that he "had no dominion or control over the [sweepstakes] mail pieces" and "had no responsibility in the creation of the sweepstakes or ensuring that awards were given." Burke Resp. (Dkt. 223) at 4-5. Burke cites no specific evidence to support these statements, only stating vaguely that his claims are based on "Affidavits, Declarations and deposition testimony of witnesses including Errol Seales, Inger Kiss, and Lindsay Reid." Burke Resp. (Dkt. 223) at 4.

Burke's counsel misrepresents the testimony and evidence in the record and thus does not identify any genuine issue of fact, let alone a material issue. Contrary to Burke's counsel's claims, Errol Seales testified that Burke's duties included "consulting" on the content of the mailers. Def. Exh. C (Dkt. 188-3) ¶¶ 7-12. Similarly, sweepstakes employee Lindsay Reid testified that she "fulfilled" prizes only at Burke's direction and with his funds, and that she approached Burke directly with questions and concerns about the sweepstakes. PX28 (Dkt. 179-2) at 15:21-25, 22:12-24, 29:1-7, 35:10-21, 60:13-61:19, 65:7-17, 76:15-77:8, 79:15-80:7, 87:10-88:10, 88:11-19. Finally, Burke never addresses emails he wrote and documents found in his offices that show his direct role in creating the deceptive mailers and withholding the promised

prizes. *See* FTC Proposed Findings and Conclusions (Dkt. 222-1) at ¶¶ 15-18, 30-33 (citing uncontroverted evidence).[2]

The only factual dispute with any basis in the record is irrelevant to Burke's liability and thus not material. *See Thomas*, 95 F.3d at 1459 (evidentiary hearings required only to resolve "*material* issue[s] of fact") (emphasis added); *cf. Anderson*, 477 U.S. at 247-48. Burke argues that Errol Seales, not Burke, was the ultimate owner of the operation, and cites Seales' testimony to that effect. *See* Burke Resp. (Dkt. 223) at 4-5. But Burke's own direct and substantial involvement in deceiving consumers makes him liable for contempt even if he ultimately answered to Seales. The Order specifically and definitely prohibits Burke from "misrepresenting, in any manner, directly or by implication, or failing to disclose any fact material to a consumer's decision to purchase any item, product, good, service, or investment;" it contains no exceptions permitting Burke to deceive consumers as long as he acts at another's direction. *See* Order (Dkt. 122) at Sec. II.B. A party bound by an order must "take all reasonable steps within [his] power to comply," *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993), and therefore cannot evade liability for his actions by claiming that he was just following orders. In any event, the uncontroverted evidence described in the FTC's proposed findings and conclusions shows that Burke managed the day-to-day aspects of the sweepstakes operation, is responsible for its misrepresentations to consumers, and is, therefore, liable for the harm resulting from his contempt.

---

[2] Burke further fails to address his invocation of the Fifth Amendment in discovery to avoid answering any questions about his involvement in the sweepstakes. *See* PX29 (Dkt. 179-4), *passim* (Burke's deposition transcript). Burke's invocation permits the Court to draw inferences against him and prevents him from testifying at any later hearing. *See, e.g.*, *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910-12 (9th Cir. 2008) (and cases cited therein); *cf. United States v. $133,420 in U.S. Currency*, 672 F.3d 629, 641-42 (9th Cir. 2012) (and cases cited therein). Burke's inability to testify about his own actions in the sweepstakes scheme – the only facts material to this proceeding – underscores the absence of any genuine issues of material fact.

4

1     Finally, Burke's efforts to shift the Court's focus to associate Katrinka Willard are

2  similarly based on immaterial facts.  He claims that Willard was a "rogue employee" who "went

3  on a spree of her own doing sweepstakes mailers."  Burke Resp. (Dkt. 223) at 5.  But Burke does

4  not claim that he never participated in the sweepstakes or that Willard committed the fraud

5  attributed to Burke; instead, he freely admits that he worked for the sweepstakes operation

6  alongside Willard.  *See* Burke Resp. (Dkt. 223) at 5 (admitting that Burke was a "consultant" to

7  sweepstakes operation and calling Willard a "rogue employee" of that operation).  Thus, the fact

8  that Willard conducted her own fraudulent activities alongside Burke is irrelevant to ***Burke's***

9  liability.

10

11        **Burke Misrepresents the Record in a Failed Attempt to Mitigate His Liability.**

12     Finally, Burke claims that he was "absent from the office" for "large periods of time" for

13  medical treatment, and claims this should mitigate his liability.  Burke Resp. (Dkt. 223) at 5-6.

14  To support his claim, Burke cites the FTC's forensic analyst, who testified to his findings about

15  the computer on Burke's desk at his office.  *Id*.  But contrary to Burke's claim that he was out of

16  his office for "large periods of time," the forensic analyst found that files on Burke's computer

17  were last modified on December 13, 2012 – mere weeks before the Court entered the temporary

18  restraining order that shut down the sweepstakes scheme.  See PX35 (179-23) at ¶ 12C

19  (declaration of forensic analyst); Temporary Restraining Order (Dkt. 133) (order entered January

20  28, 2013).  Burke does not and cannot explain how an absence of a few weeks could mitigate his

21  liability for a scam that he participated in for at least five and a half years.  *See* PX30 (Dkt. 179-

22  10) at ¶ 10 (the scheme's payment processor processed transactions for Burke from May 2007

23  until January 2013).

24     Furthermore, even if Burke last used the computer ***in his office*** in December 2012,

25  undisputed evidence shows that Burke continued to violate the Order in the operation's final

26  month.  *See, e.g*., PX31 Att. C (Dkt. 179-15) at 72 (email from Burke dated January 18, 2013,

27

28
                                                    5

scheduling payment to sweepstakes' print shop).   Indeed, Burke remained so involved in his businesses during his treatment that one of his main list broker contacts did not realize Burke was ill.  PX29 (179-3) at 184:14-20, Exh. 66 (Dkt. 179-9 at 27) (email from Burke dated January 25, 2013 to list broker stating that Burke has two more weeks of treatments and broker's response:  "Wow – didn't realize you were having a problem.").[3]  Just as the Order contains no exceptions permitting Burke to deceive consumers at another's direction, it contains no clause excusing violations he commits outside of his office.  *See* Order (Dkt. 122) at Sec. II.B.

**CONCLUSION**

For the foregoing reasons, and for the reasons set forth in the FTC's motion for entry of findings and its proposed findings and conclusions, the FTC requests that the Court enter findings and conclusions holding Burke liable for his involvement in the sweepstakes scheme and entering a contempt judgment for $17,389,232.


Dated:  September 17, 2015

Respectfully submitted,

/s/      *Reenah L. Kim*
SARAH WALDROP
swaldrop@ftc.gov, (202) 326-3444
REENAH L. KIM
rkim1@ftc.gov, (202) 326-2272
600 Pennsylvania Avenue NW, CC-9528
Washington, DC 20580
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

---

[3] Finally, Burke again claims that the FTC should have "initiate[d] a new proceeding against the alleged parties in the telemarketing and mail fraud/sweepstakes scheme" rather than filing motions for contempt against Burke.  Burke Resp. (Dkt. 223) at 8.  Burke's argument ignores well-established authority holding that a party to an action has the right to invoke the court's contempt powers by initiating a civil contempt proceeding.  *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 444-45 (1911).

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing Federal Trade Commission's Reply in Support of Motion for Entry of Findings of Fact and Conclusions of Law on September 17, 2015, by the following means:

**Via CM/ECF**:

John Spilotro, Esq.
626 S. 3rd St.
Las Vegas, NV 89101

*Counsel for Glen Burke*

David R. Zaro, Esq., and Edward G. Fates, Esq.
Allen Matkins Leck Gamble Mallory & Natsis LLP
515 S. Figueroa St.
9th Floor
Los Angeles, CA 90071

*Counsel for Receiver for American Health Associates, LLC*

      */s/    Reenah L. Kim*
      Reenah L. Kim