UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>)<br>Plaintiffs, )<br>vs. )<br>)<br>DAYTON FAMILY PRODUCTIONS, *et al.*, )<br>)<br>Defendants. )<br>_____ ) | Case No.: **2:97-cv-00750-GMN-VCF**<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

Pending before the Court is a Motion for Entry of Findings of Fact and Conclusions of Law (ECF No. 222) filed by Plaintiff Federal Trade Commission (the "FTC"). Defendant Glen E. Burke ("Burke") filed a Response (ECF No. 223), and the FTC filed a Reply (ECF No. 225).

This case arises from a Complaint filed by the FTC on June 20, 1997, alleging that nine defendants, including Burke, violated the Federal Trade Commission Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule, 16 C.F.R. Part 310. (Compl. ¶ 1, ECF No. 1). On October 1, 1998, the Court entered an Order for Permanent Injunction ("Order"), enjoining Burke, along with several other defendants, from participating in prohibited business practices, including any form of marketing misrepresentation and any telemarketing organization. (Order, ECF No. 122). On January 28, 2013, the FTC filed a Motion to Hold Burke and Defendant American Health Associates, LLC ("AHA") in Contempt (ECF No. 131), and on March 1, 2013, the FTC filed a related Second Motion to Hold Burke in Contempt (ECF No. 169). These motions alleged that Defendants Burke and AHA (collectively, "Defendants") violated the Order through a telemarketing operation and a sweepstakes operation. (*See* ECF Nos. 131, 169). The Court held a hearing on September 5, 2013 (ECF No. 202) and found that Defendants had violated the Order (Contempt Order, ECF No. 203). The Court found Burke

liable for $20,174,740.36, with AHA jointly and severally liable for $2,785,508.36 of the total. (*Id.*)

Burke filed a timely appeal to the Ninth Circuit Court of Appeals regarding only the $17,389,232.00 liability for his participation in the sweepstakes operation. (ECF Nos. 205); (*see also* Ninth Cir. Mem. 2 n. 1, ECF No. 217).  The Ninth Circuit reversed and remanded to this Court, explaining "the district court's conclusory statements about the evidence supporting the contempt order and sanctions against Burke for his involvement in the sweepstakes scheme do not afford us a clear understanding of the basis of decision." (Ninth Cir. Mem. at 3) (internal quotation marks omitted).  Declining to be the factfinder, the Ninth Circuit remanded for this Court to "provide findings that will facilitate reasoned review" by the appeals court. (*Id.* at 3–4).

Having reviewed the record and filings in this case, the Court grants the FTC's Motion for Entry of Findings of Fact and Conclusions of Law.  Concurrent with this Order granting the FTC's Motion, the Court will enter Findings of Fact and Conclusions of Law, in accordance with Federal Rule of Civil Procedure 52(a), supporting its original Contempt Order (ECF No. 203).  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Findings of Fact and Conclusions of Law (ECF No. 222) is **GRANTED**.  The Court's Findings of Fact and Conclusions of Law shall be docketed concurrently.

**DATED** this __16__ day of March, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge